WATSON, Justice.
Defendant, Lloyd Davenport, was convicted of two counts of attempted manslaughter and given a concurrent sentence of seven and one-half years at hard labor on each count. His conviction and sentence were conditionally affirmed. State v. Davenport, 399 So.2d 201 (La., 1981). The matter was remanded for an in camera inspection of five pretrial witnesses’ statements to determine if these contained exculpatory information or material inconsistencies. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).
After remand, the trial court concluded that there is no exculpatory material in the pretrial statements and minor inconsistencies between three of the statements and the witnesses’ trial testimony did not require a new trial. Defendant has appealed for the second time.
Seven eyewitnesses, the two victims, and defendant testified at trial. One victim, Jettie Pennywell, and four other witnesses, Fate Pouncy, Betty Pennywell, Michael McDowell and Henry Pouncy, Jr., gave pretrial statements. There is no inculpatory material in the pretrial statements. There are some inconsistencies in the pretrial and trial testimony of three witnesses. The question is whether these discrepancies create a reasonable doubt that did not otherwise exist about defendant’s guilt. State v. Sylvester, 388 So.2d 1155 (La., 1980).
*1151 The three witnesses who gave conflicting testimony were Fate Pouncy, Henry Poun-cy, Jr., and Michael McDowell.
In his pretrial statement, Michael McDowell said Davenport shot the daughter first and then the mother. Henry Pouncy, in his pretrial statement, also said that “[T]he fat lady” [the daughter] was shot first and then “the other one”. At trial, both indicated the mother was shot first. (Tr. 368, 396, 406) “[I]t ... happened so fast”, the confusion is understandable. (Henry Pouncy, Jr. Statement, 5/20/79.) The discrepancy is not critical and would not have affected the jury’s verdict. Which woman was shot first is irrelevant to defendant’s guilt or innocence.
In his pretrial statement, Fate Poun-cy said he did not see Davenport, “Sonny Man”, until Davenport fired the .first shot. At trial, Fate said he saw Davenport when the latter was ten feet away from the women and walking toward them. The evidence establishes that Davenport, after arguing with the two women, went to his truck, got his gun and returned to do the shooting. Fate Pouncy’s testimony at trial merely corroborated that of other witnesses. The inconsistency between his pretrial and trial testimony could not have affected the jury’s verdict.
Michael McDowell, in his statement, said the daughter had a bat which Davenport snatched away from her and the mother had a stick. At trial McDowell remembered only a stick. There is more of an omission than a contradiction in the trial testimony. It could not have created a reasonable doubt of defendant’s guilt.
The importance of these three witnesses is lessened by the abundance of other testimony. Compare Giglio, supra, where the prosecution’s case rested on one witness, and his credibility was an important issue.
The minor credibility questions raised by the pretrial statements of these three witnesses were insignificant in the context of the testimony as a whole. The statements were not material to the question of defendant’s guilt or punishment and could not have affected the verdict or sentence.
For the foregoing reasons, the conviction and sentence of defendant, Lloyd Davenport, are affirmed.
AFFIRMED.