WILLIAMS, Judge.
This is an appeal from a decision of a twelve person jury in the Criminal District Court of the Parish of Orleans finding defendant Anthony Junak guilty of second degree murder, in violation of La.R.S. 14:30.1. He was sentenced to life imprisonment without benefit of parole, probation, or suspension of sentence. Defendant originally assigned six errors committed by the trial court as a basis for reversal of his conviction. On appeal, six additional errors have been assigned.
FACTS
The following facts were adduced at trial by the prosecution. Defendant had been dating Robbie Jo Beavers for approximately one month. During this period, defendant and Ms. Beavers used drugs extensively, espécially Preludin. On February 19, 1981, defendant met Beavers at her house where they took Preludin. Later, he took her to the French Quarter in order to find Gary Rhodes. Rhodes had been telling people that defendant owed him fifty dollars for a ring defendant had purchased from him. Defendant told Beavers that he wanted to scare Rhodes. Defendant and Beavers found Rhodes about midnight and persuaded him to drive with them by promising him drugs and payment of the money. At one point defendant indicated that he wanted to shoot at trash. Beavers drove defendant’s car to a gravel road off Almo-naster Road. All three persons got out of the car. Defendant shot Rhodes three times. His body was discovered later that day. Beavers and defendant fled to Atlanta. They drove to California, but returned to Atlanta. Beavers called her father asking his help so that she could return home. She claimed that defendant had threatened her family with harm if she were to try and leave him. The pair were arrested by the Atlanta police. Beavers testified against defendant in exchange for immunity.
ASSIGNMENTS OF ERROR NOS. 1, 2, (Original), 1 and 2 (Supplemental)
The basis for these assignments of error is the denial by the trial court of the defense motion for the production of a statement made by Beavers to the police. This statement was furnished to defendant after trial under order of this Court.
The trial court examined Beavers’s statement in camera and determined that it contained no exculpatory material. The trial court ruled that if her testimony at trial should deviate from her statement, the statement would be given to the defense counsel for examination. This procedure clearly satisfies the requirements set forth in Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). State v. Meriwether, 412 So.2d 558 (La.1982); State v. Daniel, 378 So.2d 1361 (La.1979).
Defendant claims that the statement should have been given to him because it is exculpatory because in it Beavers states that: (1) defendant intended only to shoot at debris, in support of the defense’s theory of an accidental shooting, and (2) she and defendant took methaqualone on the night of the murder, although at trial she testified that they took Preludin (the importance is the difference in the effect of the drugs and the ability of the defendant to form the requisite intent had he taken methaqualone).
In her statement, Beavers referred to the conversation that preceeded the shooting and stated that defendant was talking to the victim about shooting at cans. At trial, Beavers mentioned the conversation and stated that defendant said that he was going to shoot at the cans. Her statement is clearly not inconsistent with her testimony at trial, and the trial judge *1315 should not have made the statement available to the defense on this ground.
In her statement, Beavers alleged that she had taken only methaqualone [Quaaludes] on the night in question. She testified at trial, however, that she and defendant had taken Preludin. While this may have arguably been an inconsistency requiring defendant access to the statement, our review is limited to whether this inconsistency creates a reasonable doubt that did not otherwise exist concerning defendant’s guilt. State v. Davenport, 422 So.2d 1150 (La.1982). We cannot find that this inconsistency creates a reasonable doubt especially in light of the testimony of the defense expert, Dr. Richoux, who testified that the use of cocaine or methaqua-lone could possibly result in the same symptoms as the use of Preludin.
These assignments of error are without merit.
ASSIGNMENT OF ERROR NO. 3 (Original)
Defendant also alleges that error occurred by the admission of hearsay evidence at trial. The improper references to alleged hearsay evidence occurred during the state’s opening argument and during the testimony of Beavers. These references consisted of statements that the defendant owed the victim $50.00, indicating a motive in defendant’s attempt to “scare” the victim from telling anyone about the debt. Beavers testified that defendant had told her that he owed the victim money. An admission is an exception to the hearsay rule. State v. Lewis, 416 So.2d 921, 924 (La.1982); State v. Lockett, 319 So.2d 420 (La.1973); La.R.S. 15:434.
The other statements complained of as hearsay, are simply corroborative and cumulative of other testimony presented by witness Beavers, and their introduction is harmless error. State v. Darby, 403 So.2d 44 (La.1981); La.C.Cr.Pr. art. 921.
This assignment of error is without merit. ASSIGNMENT OF ERROR NO. 4 (Original) ■
Defendant also asserts as error that the state failed to prove defendant had the specific intent to commit second degree murder. Defendant argues that the testimony of Dr. Richoux as to the effects of Preludin as well as the testimony that defendant was under the effects of the drug at the time required that the jury find defendant incapable of forming the specific intent necessary for a second degree murder conviction. Richoux testified, however, that it is possible that Preludin would not preclude the forming of the requisite intent to commit a crime. This testimony was of such an equivocal nature, and in connection with Beavers’s testimony that defendant had planned much earlier in the day to find the victim, as well as their subsequent flight to Atlanta, there was sufficient evidence to convince the jury that the defendant was able to form specific intent and knew the logical consequences of his act.
This assignment of error is without merit. ASSIGNMENT OF ERROR NO. 5 (Original)
Defendant also argued that the prosecution failed to establish a causal link between the victim and himself based on the prosecution’s closing argument that the bullets in the victim’s body were .38 caliber. The basis for this argument is once again the testimony of Beavers that she carried a .45. As noted above, the caliber of the gun actually used in the murder was a fact question for the jury which obviously concluded that Beavers was mistaken. There is no error in this decision.
This assignment of error is without merit. ASSIGNMENTS OF ERROR NOS. '6 (Original) and 6 (Supplemental)
Defendant also argues that the trial court committed error in denying a motion for a new trial on the basis that “[t]he verdict [was] contrary to the law and evidence.” After viewing the evidence in a light most favorable to the prosecution and determining whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt, we cannot find that a rational trier of fact would not be able to find guilt beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 *1316 (1979); State v. Fuller, 414 So.2d 306 (La. 1982). Beavers’s testimony was undisputed. She testified that after she and defendant searched for the victim for a large part of the day, lured him into the car with promises of repayment of the debt and drugs, defendant shot the victim three times, and Beavers and defendant fled to Atlanta. Defendant also warned Beavers that she was to remain silent about seeing the crime.
These assignments of error are without merit.
ASSIGNMENT OF ERROR NO. 3 (Supplemental)
The defense argues that because the prosecution referred to the gun used by defendant as a .38 and Beavers called it a .45 caliber gun, the state must have evidence that the gun was a .38 caliber and, therefore, the state withheld exculpatory evidence.
No testimony was adduced at trial as to the caliber of the bullets recovered from the victim, and the gun was not produced; Beavers testified that it had been stolen. Beavers claimed at trial that the gun was a .45 caliber. In closing argument, however, the prosecution argued that the bullets recovered from the victim’s body were .38 caliber, and that Beavers was mistaken in calling the gun a .45.
It is arguable that this statement was improper because no evidence was introduced as to the caliber of the bullets. There was' no evidence introduced at trial to indicate that the state was in possession of exculpatory information. Nevertheless, a conviction should not be reversed on the basis of improper closing arguments unless the court is convinced that the remarks influenced the jury and contributed to the verdict. State v. Dupre, 408 So.2d 1229 (La.1982). In light of all of the evidence presented at trial, we cannot find that these statements influenced the jury and contributed to its verdict.
We cannot find that the defense has shown that the state withheld exculpatory evidence.
Furthermore, defendant argues that because of this discrepancy between Beavers’s testimony and the prosecutor’s statements, he should have been allowed access to her pre-trial statement. He does not allege any inconsistencies between the witness’s testimony and her statement and concedes that she claimed both times that the gun was a .45. We can find no reason on this basis for the trial court to have allowed defendant access to Beavers’s pretrial statement. See discussion, supra.
This assignment of error lacks merit. ASSIGNMENT OF ERROR NO. 4 (Supplemental)
Defendant also assigns as error that the prosecution made an alleged reference to defendant’s failure to take the witness stand. Such a reference requires an automatic mistrial under Article 770(3) of the Code of Criminal Procedure. In the context of the entire closing argument, it is clear that the language upon which the defense bases this argument refers not to the defendant, but to various people that the state could have called as witnesses.
This assignment of error is without merit. ASSIGNMENT OF ERROR NO. 5 (Supplemental)
Defendant also complains that trial counsel was incompetent and provided him ineffective assistance at trial. Claims of ineffective assistance of counsel are properly raised by application for a writ of habeas corpus at which time a full evidentiary hearing may be conducted. See La.C.Cr.Pr. art. 924 et seq.
This assignment of error is without merit.
For the foregoing reasons, the conviction and sentence of defendant are hereby upheld.
AFFIRMED.