447 So.2d 1134 (1984)
STATE of Louisiana
v.
Lionell MASON.
No. 83 KA 0752.
Court of Appeal of Louisiana, First Circuit.
February 28, 1984.
*1135 John M. Bemiss, Jr., Asst. Indigent Defender, Port Allen, for defendant, Lionell Mason, appellant.
T. Barry Wilkinson, Asst. Dist. Atty., Port Allen, for the State of Louisiana, appellee.
Before PONDER, WATKINS and CARTER, JJ.
WATKINS, Judge.
Defendant, Lionell Mason, was charged by bill of information with having committed forgery, in violation of LSA-R.S. 14:72. After pleading not guilty, defendant was tried by a jury and found guilty. Defendant was subsequently sentenced to six years at hard labor. He now appeals his conviction and sentence, alleging twelve assignments of error. Defendant has not briefed assignments of error nos. 2, 6, 8, 9, 10 and 11. Therefore, they are considered abandoned. Rule 2-12.4, Uniform RulesCourts of Appeal.
FACTS:
Defendant and a friend, Clarence Robinson, attempted to cash a government check at a grocery store in a rural section of West Baton Rouge Parish.[1] The check was *1136 made payable to another party, one Joseph Simon. Defendant and his friend had gathered a basket full of groceries and asked the cashier to cash the government check to pay for the groceries. When the cashier asked defendant's friend for identification he replied that he had forgotten his driver's license. Defendant produced his driver's license and handed it to the cashier to use as identification. The cashier took defendant's driver's license and the check to a second cashier to ask if she would cash the check. The first cashier, who had become suspicious, went to the rear of the store to find the owner. The second cashier remained at the counter. The owner called police from the rear of the store. The first cashier then returned to her register, found that the check had been endorsed with the name of Joseph Simon and that the second cashier had written defendant's driver's license number on the back of the check. When the deputies drove up to the grocery store, defendant quickly hurried out the front door without his groceries. His friend went to the bathroom and exited the store through a rear window.
Defendant was arrested several hours later on a country road and interrogated by a federal investigator for the Secret Service. After signing a waiver of rights form entitled "Warning and Consent to Speak", defendant gave an oral confession to the Secret Service agent. The agent requested and obtained several samples of defendant's handwriting which were later turned over to a handwriting expert who determined that the signature of the name Joseph Simon on the back of the government check was written by the same person who had written the handwriting samples. Defendant was charged with forgery, and this trial resulted.
ASSIGNMENTS OF ERROR NOS. 1 AND 7:
Defendant complains in his first and seventh assignments of error that the trial court erred in failing to suppress an inculpatory statement allegedly made by defendant to a special agent with the U.S. Secret Service. Although defendant admitted he had been given his Miranda warnings and he had signified that he had understood each assertion, defendant argues that he did not realize that he had a right to remain silent and to refuse to answer the questions put to him by the special agent nor did he understand that he had a right to counsel and that, if he could not afford one, an attorney would be appointed to represent him. For these reasons, defendant argues that he did not knowingly and intelligently waive his rights.
The Secret Service agent testified that defendant had given him an oral inculpatory statement and he had transcribed that statement to writing. Defendant's statement was given after he had signed the Warning and Consent to Speak form and after the Secret Service agent had discussed defendant's rights with him and had been satisfied that defendant fully understood those rights. The agent witnessed defendant's signing of the Warning and Consent to Speak form.
Defendant testified at the hearing on the motion to suppress the confession that he was given his rights by the Secret Service agent, that he understood those rights and that he signed the Warning and Consent to Speak form. Further, the defendant testified that he had not been threatened in any way during the interrogation. However, at the Motion to Suppress hearing and at trial defendant admitted talking to the special agent but denied that he had given the special agent any inculpatory statement.
Although no written confession was obtained in this case but rather an oral inculpatory statement, on review of admissibility of that statement we apply the rules governing the admissibility of confessions. State v. McGraw, 366 So.2d 1278 (La.1978).
The burden is on the state to prove beyond a reasonable doubt that a confession it wishes to introduce in evidence was *1137 free and voluntary and was not induced by threats, promises or coercion; and the conclusions of the trial court with respect to the credibility of the witnesses testifying to the voluntariness must be accorded great weight on appeal. LSA-R.S. 15:451; State v. Neslo, 433 So.2d 73 (La.1983).
The trial judge's determination of credibility was obviously in favor of the Secret Service agent and was reinforced by defendant's testimony that his interrogators had made no threats and offered no inducements to defendant to obtain his statement. The record contains ample evidence that the state has borne the burden of proving that defendant's inculpatory statement was given freely and voluntarily and that defendant had been given his Miranda rights and had understood those rights. There is no merit in this assignment of error.
ASSIGNMENT OF ERROR NO. 3:[2]
Defendant contends that the trial court erred when it refused defendant's motion for a continuance[3] following the amendment of the bill of information, arguing that the amendment was one of substance and such continuance is authorized by LSA-C.Cr.P. 489. On the morning of the trial, the bill of information was amended by deleting the words "the maker thereof" and substituting in their place the word "thereon", so that the charge in the amended bill of information read "... forged a check by falsely making the signature of Joseph Simon thereon in violation of LSA-R.S. 14:72." Defendant claimed surprise, arguing that the amendment was one of substance, and moved for a recess of two or three days. The motion was denied. LSA-Cr.P. 489 provides:
"If it is shown, on motion of the defendant, that the defendant has been prejudiced in his defense on the merits by the defect, imperfection, omission, uncertainty, or variance, with respect to which an amendment is made, the court shall grant a continuance for a reasonable time. In determining whether the defendant has been prejudiced in his defense upon the merits, the court shall consider all the circumstances of the case and the entire course of the prosecution. If it becomes necessary to discharge the original jury from further consideration of the case, the trial before a new jury will not constitute double jeopardy."
The purpose of a continuance as authorized by LSA-C.Cr.P. 489 is to protect defendant from surprise or prejudice which may result from the amendment to the bill of information; defendant must show in what respect his defense is prejudiced by the change. State v. Gibson, 322 So.2d 143 (La.1975). A mere allegation that the defense will be affected by the amendment is not sufficient. State v. Dye, 384 So.2d 420 (La.1980).
Although defendant alleged surprise at the time of the amendment, the trial judge, in denying the motion, determined that defendant was not caught by surprise because the answer to defendant's request for a bill of particulars informed defendant that the false signing of the name of Joseph Simon, the payee on the check, was the basis for the forgery charge.
We agree. The amendment made no substantive change in the charge against defendant. The defendant was adequately informed by the original bill of information as to whose signature the forgery charge was based upon and had adequate time to prepare for his defense. Moreover, in his brief, defendant makes no showing of how he was prejudiced by the denial of a continuance or recess at that time. We find no error in the trial court's denial of defendant's motion for recess.
ASSIGNMENT OF ERROR NO. 4:
Defendant contends that the trial court erred in overruling defendant's objection to testimony which he contends was hearsay. At trial, Mrs. Norma Sonnier, *1138 one of the cashiers in the grocery store at the time of the crime, testified that the other cashier to whom the government check was presented for cashing came over to her counter and asked her if she could cash or okay the government check. Defendant objected to this testimony on the grounds that such a statement was hearsay. The trial court overruled defendant's objection saying: "... * * * That is not hearsay. * * * The statement does not attempt to prove a fact. * * *" LSA-R.S. 15:434 provides:
"Hearsay evidence is inadmissible, except as otherwise provided in his code."
However, evidence is non-hearsay when offered non-assertively to prove that the utterance occurred or that a conversation had taken place, and not to prove the truth of the facts recited. State v. Naas, 409 So.2d 535 (La.1981) cert. denied, 457 U.S. 1119, 102 S.Ct. 2933, 73 L.Ed.2d 133 (1982).
We agree that the statement was not admitted to prove the truth of the facts recited but to prove that the utterance occurred. Such testimony is not hearsay. The trial court was correct in its ruling.
There is no merit to this assignment of error.
ASSIGNMENT OF ERROR NO. 5:
Defendant complains that the trial court erred when it overruled his objection at trial to the testimony of one of the investigating officers, arguing that such testimony was hearsay. The following exchange is the testimony objected to:
"Q. (D.A.) Once you got into the store was anybody identified to you as the party or parties that were involved in this incident?
A. (Deputy Horner) Yes, sir."
Although the act of identifying the accused is essentially assertive in nature, and thus the officer's testimony to this effect was hearsay (State v. Smith, 285 So.2d 240, 246 (La.1973)), defendant was not substantially prejudiced by the remark in view of the fact that the two store cashiers had already identified defendant as one of the persons involved in the commission of the instant crime and in view of defendant's own testimony that he had been present in the store and had seen the police arrive. Deputy Horner's testimony was merely cumulative and corroborative of other testimony presented by the state's witnesses. If an error occurred, it was harmless error. See, e.g., State v. Junak, 436 So.2d 1312, 1313 (La.App. 4th Cir.1983).
There is no merit to this assignment of error.
ASSIGNMENT OF ERROR NO. 12:
Defendant contends that the trial court imposed an improper and excessive sentence, arguing that the trial judge's reasons for sentencing are not valid under the guidelines set forth in LSA-C.Cr.P. 894.1, as defendant is a first offender.
The trial court sentenced defendant to six years at hard labor. The maximum sentence for forgery of which defendant was convicted is a fine of not more than $5,000.00 or imprisonment with or without hard labor for not more than ten years, or both. LSA-R.S. 14:72.
Excessive sentences are prohibited under the provisions of the Louisiana Constitution of 1974, Article I, Section 20. An excessive sentence has been defined by the courts as being one that is grossly disproportionate to the severity of the crime or nothing more than the purposeless and needless infliction of pain and suffering. State v. Vaughn, 431 So.2d 763 (La.1983).
LSA-C.Cr.P. Article 894.1 sets forth the guidelines or factors to be considered by the trial court in imposing sentence. The trial judge is required by that article to state those factors he considered in imposing sentence. State v. McElveen and Allen, 439 So.2d 601 (La.App. 1st Cir. 1983).
In its reasons for sentencing the trial court noted as a factor mitigating against incarceration the fact that the defendant is a first felony offender. The trial court noted on the other hand that defendant's lack of remorse, his unwillingness to identify the driver of the automobile used to take him to the rural grocery store where the *1139 defendant sought to cash the check, and his untruthfulness on the witness stand constituted factors favoring incarceration. The pre-sentence investigation report shows that prior to the commission of the instant crime defendant had been arrested for possession of marijuana and disturbing the peace. Neither matter was brought to trial. The report also shows that after the commission of the instant crime, defendant was indicted for first degree murder and aggravated battery.
As we further noted in State v. McElveen and Allen, supra, a sentence imposed without the assignment of reasons will not be set aside automatically on appeal, but will be set aside for resentencing only if the record is inadequate or if the record clearly indicates the sentence is excessive. State v. Wimberly, 414 So.2d 666 (La.1982). In the present case, the trial court set forth the factors supporting and mitigating incarceration. Upon thoughtful consideration, it concluded that a term of imprisonment of six years out of a maximum sentence of ten years was proper, considering especially defendant's lack of remorse, and his failure to identify his apparent co-conspirator in perpetrating the forgery. The trial court further mentioned having examined the PSI report, which indicated a "history of ... criminality" (LSA-C.Cr.P. art. 875) on the part of the defendant. Defendant could have been subjected to a fine of $5,000.00 in addition to the prison term but was not. The trial court further noted in imposing sentence that both the Sheriff and the District Attorney recommended the maximum sentence which the court declined to impose. The court noted that the defendant probably would not benefit from the possibility of rehabilitation if he were placed on probation. The record and the reasons given for sentencing both fully support the sentence imposed, and the sentence must be affirmed.
PATENT ERROR:
We have also reviewed the record for patent error. LSA-C.Cr.P. Article 920. The record is devoid of evidence that the trial court waited the required twenty-four hours after defendant's motion for a new trial was denied before imposing sentence (LSA-C.Cr.P. Article 873) nor does the record indicate that defendant waived that waiting period. However, defendant does not argue or in any way show that he was actually prejudiced by the failure of the trial court to observe the waiting period. In State v. Brogdon, 426 So.2d 158 (La. 1983), the Louisiana Supreme Court held that such failure on the part of the trial court is harmless error where the defendant does not show actual prejudice. We hold that the failure on the part of the trial court to observe the delay provided for in Article 873 was harmless error.
CONCLUSION:
For the foregoing reasons, the conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] There is testimony in the trial transcript that a third person was in the company of defendant and Robinson. This third person waited in the car and drove off in defendant's car when police arrived. Defendant refused to disclose the identity of this third person.
[2] Defendant incorrectly designates Assignment of Error No. 3 as No. 2 in his brief.
[3] At trial, defendant referred to the motion as a motion for a recess.