450 So.2d 695 (1984)
STATE of Louisiana
v.
Tommy WHEELER.
No. KA 1219.
Court of Appeal of Louisiana, Fourth Circuit.
May 10, 1984.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Joanne C. Marier, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
*696 Before SCHOTT, BYRNES and WARD, JJ.
BYRNES, Judge.
Defendant, Tommy Wheeler, was charged with aggravated crime against nature, committed by performing fellatio on a nine year old boy, a violation of La.R.S. 14:89.1(5). A twelve person jury found defendant guilty as charged. He was adjudged a quadruple offender and sentenced to life imprisonment. This appeal followed.
Defendant's only assignment of error urges that the trial court imposed an excessive sentence. We do not agree and affirm both the conviction and sentence.

FACTS
On June 8, 1982 the nine year old victim was playing outside a laundromat managed by his grandmother. At some point before 2:00 P.M. the defendant approached the victim, asked him if he wanted something to drink, then asked him if he would like to see his apartment. The victim agreed and accompanied Wheeler who showed the child around the apartment, then took him into the bedroom, locked the door and told him to sit down. At that point Wheeler took off his pants, then the child's, and performed fellatio on the child for approximately one hour. Wheeler then gave his victim five dollars and told him not to tell anyone what had happened. The child went directly to the laundromat and related the incident to his grandmother and two uncles. Later that same day the victim spotted Wheeler walking by the laundromat and identified him to his uncles, who detained Wheeler until the police arrived. On cross examination the victim admitted that he had discussed his testimony with family members and some assistant district attorneys, but maintained that he was telling the truth.

SUFFICIENCY OF THE EVIDENCE
We have reviewed the record in this case and find that a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the offense were proven beyond a reasonable doubt. The victim positively identified the defendant and described how Wheeler undressed him, performed fellatio on him, then gave him five dollars to keep quiet. This conduct is defined as aggravated crime against nature by La.R.S. 14:89.1(5) when the victim is under seventeen and the defendant is at least three years older than the victim. At trial the age difference between the victim and Wheeler was obvious, Wheeler was 47 years old, the victim was 10. There is no doubt that the evidence presented at trial was sufficient to support a conviction.

SENTENCE
We now address defendant's contention that his sentence was excessive. Wheeler pled guilty at a multiple bill hearing to being a quadruple offender. He has two previous felony convictions in Texas for simple burglary and one other Texas conviction for indecent behavior with a juvenile. Under La.R.S. 15:529.1 these convictions justified a range of sentencing from twenty years to life. The trial judge found life imprisonment was justified by the circumstances of this case. We agree.
Code of Criminal Procedure Article 894.1 sets forth factors which the legislature has deemed relevant in determining what sentence is appropriate for a particular offense and a particular defendant. The jurisprudence has held that a trial judge must articulate for the record his consideration of these factors when imposing sentence. However, a trial judge is not required to list every aggravating or mitigating circumstance if the record as a whole reflects that those circumstances were adequately considered. State v. Sims, 410 So.2d 1082 (La.1982).
In this case the trial judge noted Wheeler's three prior felony convictions, one of which involved a similar offense to the present one. He informed the defendant that the maximum penalty facing him was life imprisonment and asked if he had anything he wanted to say before sentence *697 was imposed. Wheeler declined and the trial judge stated that he considered Wheeler to be in need of correctional treatment. He also stated that there was an undue risk that Wheeler would commit another crime if he was not confined and that a sentence of less than life imprisonment would depreciate the seriousness of his offense.
While the trial judge did not specifically mention the mitigating factors set forth in C.Cr.P. Art. 894.1, the record indicates that all relevant circumstances known to the judge were adequately considered. Apparently the circumstances of the offense and the defendant's prior record effectively negated the influence which such factors may have had on the judge. A trial court has vast discretion in imposing sentence and appellate courts should not lightly set aside the exercise of that discretion, absent manifest abuse. See State v. Trahan, 425 So.2d 1222 (La. 1983). We see no such abuse here.
Defendant was convicted of aggravated crime against nature. The aggravating circumstances of his offense was the age difference between the defendant and his victim. This case presents an extreme example of such an age difference and in our opinion is among the most serious possible violations of the statute. The vast disparity in age between victim and defendant (37 years) and, the psychological effects which this crime has had on the child justify the sentence imposed. Moreover, defendant has been convicted of a similar offense in the past, indicating an increased risk to society that he would repeat his crime given the opportunity.
Under these circumstances we cannot say that the trial judge abused his vast discretion in setting the defendant's sentence at life imprisonment.
AFFIRMED.