450 So.2d 57 (1984)
STATE of Louisiana, Plaintiff-Appellee,
v.
Lawrence K. RICHARD, Defendant-Appellant.
No. CR83-1000.
Court of Appeal of Louisiana, Third Circuit.
May 16, 1984.
*58 Lawrence B. Sandoz, III, Sandoz, Sandoz & Schiff, Opelousas, for defendant-appellant.
Morgan J. Goudeau, III, Dist. Atty., David Miller and Josie Frank, Opelousas, for plaintiff-appellee.
Before CUTRER, STOKER and KNOLL, JJ.
KNOLL, Judge.
The defendant, Lawrence Richard, was charged by bill of information with distribution of marijuana in St. Landry Parish on March 10, 1980 in violation of LSA-R.S. 40:966 A. Defendant entered a plea of not guilty, and elected to be tried by judge alone. On May 31, 1983, the defendant was tried and found guilty. The defendant was sentenced to serve three years at hard labor in the custody of the Louisiana Department of Corrections. The defendant relies on one assignment of error, complaining that his sentence is excessive.

FACTS
Marcel Poullard, an undercover narcotics agent for the Louisiana State Police, was on assignment in St. Landry Parish on March 10, 1980. Agent Poullard was with Joseph "Winky" Savoy, a friend of the defendant. Savoy knew the defendant by the name of "Tecou". Savoy testified that he and the defendant were "busted" together in 1979. Savoy directed Agent Poullard to the defendant's residence where Agent Poullard advised the defendant that he wanted to buy some narcotics. The defendant responded that he had some marijuana which he had just gotten in from Houston and it was "good stuff". Agent Poullard then purchased from the defendant one bag of marijuana for $25.
At trial, the defendant took the stand and denied ever seeing Agent Poullard and selling him marijuana. Under cross-examination, the defendant admitted that in 1973 he was convicted of attempted rape and served nine years in the State penitentiary.
Agent Poullard testified that he sealed the marijuana in an evidence envelope, tagged it, and brought it to the Acadiana Regional Crime Lab for testing. Approximately one week later the crime lab certified that the envelope contained 15 grams of marijuana.

ASSIGNMENT OF ERROR
The defendant complains that a three year sentence at hard labor is excessive because of the small amount of marijuana involved.
Article I § 20 of the Louisiana Constitution prohibits the imposition by law of excessive punishment. For a sentence to be excessive, the penalty imposed must be so disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice. State v. Morgan, 428 So.2d 1215 (La.App. 3rd Cir. 1983), writ denied 433 So.2d 166 (1983); State v. Bonanno, 384 So.2d 355 (La.1980). The sentencing court is given wide discretion in the imposition of sentences within statutory limits, and the sentence should not be set aside as excessive in the absence of a manifest abuse of the sentencing court's discretion. State v. Williams, 441 So.2d 832 (La.App. 3rd Cir.1983); State v. Abercrumbia, 412 So.2d 1027 (La.1982).
The maximum penalty for distribution of marijuana is imprisonment at hard labor for ten years and a fine of $15,000. LSA-R.S. 40:966 B.(2). Defendant's sentence *59 falls within the statutory limits. However, it is judicially recognized that a sentence, although within the statutory limit, may violate a defendant's constitutional rights against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La. 1979).
Defendant urges us to consider the small amount of marijuana he sold to Agent Poullard. He cites State v. Bing, 410 So.2d 227 (La.1982) and State v. Tilley, 400 So.2d 1363 (La.1981) in support of his contention. In individualizing the sentence to the offender, comparison between the defendant's punishment and that dealt to other offenders of similar offenses is only a factor to be considered when we review a sentence for excessiveness. State v. Telsee, 425 So.2d 1251 (La.1983).
The sentencing guidelines enumerated in LSA-C.Cr.P. Art. 894.1 provide appropriate criteria to measure whether a sentence within statutory limits is nevertheless excessive, either by reason of its length or because it specifies confinement rather than less onerous alternatives. State v. Sepulvado, supra.
The sentencing court referred to the presentence investigation. It noted the defendant was not a first offender. He was convicted of attempted rape and sentenced to serve nine years at hard labor. The defendant was paroled on March 10, 1976 and violated parole on September 10, 1976. He was discharged from the Louisiana State Penitentiary in October of 1978. In 1980, defendant was arrested by the St. Landry Parish Sheriff's Office for murder and disturbing the peace, but the cases were dropped due to lack of evidence. In March of 1980 he was convicted of theft of gasoline. The sentencing court then made specific mention of LSA-C.Cr.P. Art. 894.1 and commented that: defendant was in need of correctional treatment; a lesser sentence would deprecate the seriousness of the crime; and, because of his prior felony conviction, he was not eligible for probation.
Although the sentencing court did not specifically discuss mitigating factors, the record reflects sufficient facts that allowed the sentencing court to individualize the defendant's sentence. The record shows that the defendant is 28 years of age, has a 9th grade education, and lives with his mother in Grand Coteau. At sentencing, the defendant did not submit any mitigating factors. The trial court did refer to a letter of recommendation from an officer with the St. Landry Parish Sheriff's Office, but his discussion of that letter in the record indicates that it was not written in support of leniency.
The defendant's sentence is not apparently severe and falls in the lower range. Considering the wide discretion warranted a sentencing court, the imposition of its sentencing choice within the statutory limits, and in the absence of a manifest abuse of its discretion, a sentence will not be set aside as excessive.
After a careful review of the record, we find the sentencing court did not impose an excessive sentence.

DECREE
For the foregoing reasons, the defendant's sentence is affirmed.
AFFIRMED.