470 So.2d 431 (1985)
STATE of Louisiana, Plaintiff-Appellee,
v.
Geraldine FRUGE, Defendant-Appellant.
No. CR84-1118.
Court of Appeal of Louisiana, Third Circuit.
May 15, 1985.
Stewart Thomas, Jennings, Richard P. Ieyoub, Lake Charles, for defendant-appellant.
W. Gregory Arnette, Jr., Dist. Atty., Jennings, for plaintiff-appellee.
Before STOKER, LABORDE and KING, JJ.
STOKER, Judge.
Defendant, Geraldine Fruge, appeals her sentence of five years at hard labor for a conviction of theft of funds in excess of $500 in violation of LSA-R.S. 14:67.
She previously appealed both her conviction and sentence. This Court affirmed the conviction but vacated the sentence and remanded the case for resentencing in accordance with the views expressed in our opinion at 445 So.2d 1293.
Defendant was again sentenced to five years at hard labor, the same sentence she *432 was originally given. We attach as an appendix to this opinion the transcript of the resentencing proceedings setting forth the comments of the Honorable Walter C. Peters uttered at the resentencing proceedings. The five assignments of error concern the excessiveness of her sentence.

Assignment of Error No. 1
In her first assignment of error the defendant argues that the trial judge erred in basing the sentence on appellant's decision to exercise her constitutional right to trial by jury.
No penalty should be imposed for exercising the right to trial by jury. However, the trial court apparently did not consider probation for this defendant. He stated that all those who pleaded guilty to theft by embezzlement in the judicial district were sentenced to penitentiary time, and it would not be fair to the system to give this defendant probation.
In our previous opinion in this case we ordered the trial court to individualize the sentence. It is clear that he has not done so. He has continued to follow the policy of giving penitentiary time for theft by embezzlement. As aptly put by counsel for defendant-appellant, Judge Walter C. Peters maintained a set policy of sentencing offenses rather than offenders. In addition, he has violated a constitutional right of the defendant by giving the prison time as a penalty for the exercise of the right to a trial by jury.

Assignment of Error No. 5
In assignment of error Number 5 defendant argues the trial judge erred in failing to consider the recommendations of the presentence report. In our previous opinion we ordered the trial court to give due weight and consideration to the presentence report or to justify its failure to do so. There is no evidence in the record to indicate that the trial court considered the presentence report. The presentence report recommended a suspended sentence and probation. The trial judge attempted to justify his sentence of prison time rather than probation.

Assignment of Error No. 3
In her third assignment of error defendant argues the trial judge failed to give consideration to probationary treatment and to state for the record the factual basis for his failure to impose a probationary sentence.
The trial judge made it clear that he did not consider probation for this defendant. He stated it would not be fair to sentence this defendant to probation since all those who had pleaded guilty to theft by embezzlement in that judicial district were sentenced to penitentiary time. In our previous opinion in this case we stated that under C.Cr.P. art. 894.1 the trial judge must either give consideration to probationary treatment before requiring actual service of a period of extended imprisonment or justify his failure to impose a probationary sentence. Here the trial judge attempted to justify his failure to consider probation by stating that the defendant pleaded not guilty and exercised her right to trial, and all those who had pleaded guilty to theft by embezzlement in that judicial district received penitentiary time. This is not sufficient justification for not considering a sentence of probation. This amounts to a penalty for exercising the right to trial by jury.

Assignment of Error No. 4
In her fourth assignment of error the defendant argues the trial judge erred in failing to comply with C.Cr.P. art. 894.1 in that he did not state the considerations and factual basis for his sentence.
In our first opinion in this case we found that the trial judge failed to adequately comply with the requirements of C.Cr.P. art. 894.1. On resentencing the trial judge attempted to comply with the sentencing guidelines of C.Cr.P. art. 894.1. The court listed the three guidelines for imposing a sentence of imprisonment. He stated there was undue risk that the defendant *433 would commit another crime during the period of suspended sentence or probation. The risk existed because she had stolen before. The judge stated that she needed to be in a custodial environment because she did not admit her guilt. He stated that a lesser sentence would deprecate the seriousness of the crime. He stated that stealing from the City of Jennings is a more serious crime than ordinary thievery. However, the judge was misinformed as to the seriousness of the crime. He stated, "The jury found you guilty of stealing about seventeen thousand, although it was reported to me it was twenty-three thousand." Actually, the jury found the defendant guilty of theft of property of $9,108 in value. The trial judge did not consider any mitigating circumstances. The record of sentencing should indicate that the trial court has considered not only the circumstances militating for incarceration, but also any mitigating factors. State v. Davis, 449 So.2d 452 (La.1984). There were substantial mitigating factors, as indicated by our original opinion. The judge erred in not taking those into account.

REMAND
Because of the errors by the trial court, we remand this case for resentencing. The trial court is ordered to particularize the sentence for this defendant. He must give due weight to the presentence report or justify this failure. He must comply with the sentencing requirements of C.Cr.P. art. 894.1, and, in doing so, he must give consideration to probationary treatment.
We do not reach the second assignment of error, which urges that the trial judge abused his discretion and imposed a sentence that violates defendant's right against excessive punishment.
We remand this case for resentencing in accordance with the views expressed herein.[1]

REMANDED FOR RESENTENCING.

APPENDIX SETTING FORTH RECORD OF RESENTENCING PROCEEDINGS HELD BY HONORABLE WALTER C. PETERS, DISTRICT JUDGE
"THE COURT:
The jury found you guilty. The auditors said that some thirty thousand dollars or more was stolen from the City of Jennings. The jury found you guilty of stealing about seventeen thousand, although it was reported to me it was twenty-three thousand. So I don't know which is correct and which is not.
There is a possibility that this money could be recovered and that you could make restitution. So far as this Court is concerned, the fact that you do not admit stealing it, the fact that I cannot order restitution because I don't know how much you stolein any event, that is a civil action and it's pending. Is that correct, Mr. Thomas?
MR. THOMAS:
Yes, Your Honor, it is.
THE COURT:
To recover the money that was stolen. Under 894.1A, there is an undue risk that during the period of a suspended sentence or probation, the Defendant will commit another crime. Now, this is amplified by the fact that you not only don't admit that you stole any money, there was an overwhelming evidence that you did steal, that you systematically stole one, two, three hundred dollars for a weekweekly for a period of months.
You were in a position of public trust. You worked for the City of Jennings. You stole from the people of the City of Jennings, which is, in itself, a more serious crime than just ordinary thievery. You stole from the public. You were in a position of public trust. This is your second time admittedly that you have stolen money.
*434 Second, the Defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by her commitment to an institution. Now I see no way, when you will notdo not admit any guilt, for you to be rehabilitated unless you are put into a custodial environment, namely a prison.
And then finally, the lesser sentence would deprecate the seriousness of the Defendant's crime. This is a very serious crime.
Now, I stated originallyand the Court of Appeals didn't understand what I saidthat historically, everybody has gone to the penitentiary. Since this Judicial District was created in 1950, '51, somewhere along in there, we have not tried an embezzlement case. Yours was first. We have had half a dozen or so people who have plea bargained their way into the penitentiary.
Everybody has made restitution. The first woman to go was in the early '50's. She was a woman who workedshe's now deceased. She worked for Sears & Roebuck. She plea bargained her way into several years in the penitentiary. She also made restitution. She admitted her guilt.
The last one that I remember was Mr. Freese, I think.
MR. RILEY:
That's correct, Your Honor.
THE COURT:
Who made restitution, admitted his guilt, and was sentenced to the penitentiary. All this was a result of a plea bargain. We've never had to try anyone.
Now if we say, well, okay, you plead not guilty, you're tried, and then you get probation, it is not fair. It's not fair to the system. It would create additional and burdensome trials in this Court.
So the Court feels very seriously that you should be given penitentiary time for this reason. And for these reasons, the Court is going to sentence you to the Louisiana State Department of Corrections to serve five years at hard labor. Thank you.
MR. THOMAS:
Your Honor, in accordance with the conversation we had in chambers, we'd object to the sentence, give notice of an intent to file an appeal, and ask the Court to permit the Defendant to remain at liberty on her original bond pending the outcome of the appeal.
THE COURT:
I have no objection. I neglected to say that the Court costs, which I think have been paid at this point, have they not? The Court costs?
THE CLERK:
Yes, sir, our costs have been paid.
THE COURT:
Well, they'll have to pay additional costs now to make the appeal. I have no objection. Does the State have any objection?
MR. RILEY:
No objection, Your Honor.
THE COURT:
All right, thank you."
NOTES
[1] As the sentencing judge, the Honorable Walter C. Peters, is no longer the occupant of the office of District Judge for the Thirty-first Judicial District, the resentencing will be performed by his successor in office.