FORET, Judge.
On January 30, 1986, defendant, Alvin Duhon, was convicted of armed robbery, a violation of La.R.S. 14:64. He was sentenced to serve ten years at hard labor *602 without the benefit of parole, probation, or suspension of sentence on October 24, 1986. Defendant has appealed, raising three assignments of error. Assignment of error Number 2 is specifically abandoned.
FACTS
On December 22, 1984, defendant, Robert Clay, and Patrick Clay were driving in the Scott area. Defendant was driving his Mercury Linx with Robert and Patrick Clay as passengers. Defendant parked his car in the Guaranty Bank parking lot next door to a Triple Kwik store. Robert Clay, a co-defendant, was armed with a gun and entered the store with the intent to rob it. Robert Clay testified that defendant was deeply involved in the robbery although he did not enter the business and himself physically commit the crime. He additionally testified that he, defendant, and Patrick Clay needed $100 to go to a nightclub and party, and that Patrick provided him with the gun and that defendant offered him a knife to perpetrate the crime.
Linda Truxell, the cashier who was robbed at gunpoint, testified that Robert Clay entered the store armed and took some rolls of coins and a red Guaranty money bag filled with currency from the store.
Defendant, Alvin Duhon, took the stand in his own defense and testified that he invited Robert and Patrick Clay to join him at his aunt’s barbeque at her home in Car-enero. Defendant testified that Robert Clay suggested an armed robbery while en route to the barbeque but that defendant indicated he was not interested, although he did assent to transport the prospective armed robber.
Detective Anthony Scott Hanks testified he was on radar duty when he heard of the Triple Kwik store robbery. Hanks stopped the car which met the description broadcast and, in plain view, saw a brown bag with a red Guaranty money bag and coin rolls inside. At that time he radioed for backups. Defendant and his co-defendants were thereafter arrested.
ASSIGNMENT OF ERROR NO. 1
Through this assignment of error, defendant contends that his ten-year sentence is excessive and unsupported by the record. Defendant alleges the trial court did not adequately consider mitigating factors relevant to him. Defendant points out that he is a first offender, has a stable work history, and is a family man. Additionally, defendant alleges he had a minor role in the robbery and that his conduct did not threaten serious harm to anyone. Finally, defendant contends that the trial court did not adequately consider the mitigating factors listed in La.C.Cr.P. art. 894.1.
The trial judge generally has wide discretion in determining the sentence a defendant is to receive. His determination will not be reversed absent a manifest abuse of discretion. State v. Square, 433 So.2d 104 (La.1983). In this case, defendant was involved in the commission of an armed robbery, a crime which by its very nature involved a risk of harm to life. Armed robbery is punishable by a sentence of not less than five nor more than ninety-nine years without suspension of sentence, probation, or parole. Defendant’s ten-year sentence is in the lower range of possible sentences.
Mitigating factors in the case at bar, discoverable from the record, include defendant’s age, the fact that he is a first-offender, his employment history, his family status, and the fact that he merely drove the getaway car. The jurisprudence is replete with cases punishing first-offenders convicted of armed robbery with sentences of ten years or more. In view of the actual sentence received and the jurisprudence in factually similar cases, we cannot say the trial judge abused his discretion in the case at bar. The record illumines support for the judge’s ten-year sentencing choice, especially since a five-year minimum sentence is mandated by the statute.
Defendant has alleged that the trial court did not adequately consider the mitigating factors listed in C.Cr.P. art. 894.1. The sentencing guidelines enumerated in Art. 894.1 provide a criteria within which to *603 individualize a defendant’s sentence, and appropriate criteria to measure whether a sentence within statutory limits is nevertheless excessive. State v. Richard, 450 So.2d 57 (La.App. 3 Cir.1984).
A trial judge is not required to list every aggravating or mitigating circumstance, but the record as a whole must reflect that those circumstances were adequately considered in. sentencing. State v. Wheeler, 450 So.2d 695 (La.App. 4 Cir. 1984). The sentencing record should indicate that the trial court has considered not only the circumstances militating incarceration, but also mitigating. State v. Davis, 449 So.2d 452 (La.1984); State v. Fruge, 470 So.2d 431 (La.App. 3 Cir.1985). In the case at hand, the trial judge stated that defendant had no record and alluded to the fact that the defendant drove the vehicle and did not directly commit the robbery. The pre-sentence investigation report was entered into the record. The trial court did not, on the record, consider any of the guidelines listed in Art. 894.1.
The failure of the trial court to comply with the sentencing guidelines of Art. 894.1 does not require that the sentence be set aside if the record otherwise clearly illumines support for the trial court’s sentencing choice and demonstrates the sentence is not arbitrary or excessive. State v. Griffin, 455 So.2d 681 (La.App. 2 Cir.1984), writ denied, 458 So.2d 128 (La.1984); State v. Jett, 419 So.2d 844 (La.1982); State v. Cox, 474 So.2d 523 (La.App. 3 Cir.1985). In the instant case, the record clearly supports the trial court’s sentencing choice and adequately demonstrates the sentence was neither arbitrary nor excessive. Consequently, this assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 2
Defendant expressly abandons this assignment of error in his brief. State v. Dewey, 408 So.2d 1255 (La.1982).
ASSIGNMENT OF ERROR NO. 3
Through this assignment of error, defendant requests his record be reviewed for errors patent. This review was conducted and revealed no errors patent on the face of the record.
DECREE
For the foregoing reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs in the result.