YELVERTON, Judge.
Defendant was convicted by a jury of the offense of theft of property having a value of between $100 and $500, in violation of La.R.S. 14:67. She was sentenced to the maximum period of incarceration, two years, to be served in the Rapides Parish Prison. She appeals attacking the sentence as excessive on the basis of two assignments of error.
The conviction was based on the testimony of a witness who saw defendant take dresses from J.C. Penney’s Department Store and stuff them in her purse, then leave the store without paying for them. She was observed taking the dresses out of her purse at her car and putting them in her car.
The first argument that there was an excessive sentence is that the trial judge did not comply with the sentencing guidelines of La.C.Cr.P. Art. 894.1, in that there was an “insufficient articulation of aggravating circumstances and an insufficient consideration of mitigating circumstances”, to justify the maximum sentence in this case.
The trial judge generally has wide discretion in determining what sentence a defendant is to receive. The trial judge’s determination will not be reversed absent a manifest abuse of discretion. State v. Square, 433 So.2d 104 (La.1983). Even when a sentence is within statutory limits, it may still be excessive and in violation of La. Const. 1974, Art. 1, § 20. State v. Sepulvado, 367 So.2d 762 (La.1979). Maximum sentences are reserved for the most egregious offenders. State v. Telsee, 425 So.2d 1251 (La.1983).
The sentencing guidelines enumerated in La.C.Cr.P. Art. 894.1 provide the criteria to individualize a defendant’s sentence, and the appropriate criteria to measure whether a sentence within statutory limits is nonetheless excessive. State v. Richard, 450 So.2d 57 (La.App. 3rd Cir.1984). The record of sentencing should indicate that the trial court has considered not only the circumstances militating for incarceration, but also mitigating factors. State v. Davis, 449 So.2d 452 (La.1984); State v. Fruge, 470 So.2d 431 (La.App. 3rd Cir.1985). A trial judge is not required to list every aggravating and mitigating circumstance, but the record as a whole must reflect that those circumstances were adequately considered in sentencing. State v. Wheeler, 450 So.2d 695 (La.App. 4th Cir.1984).
In our case the trial court adequately considered mitigating factors, adequately articulated aggravating circumstances, and adequately complied with Art. 894.1.
While no documented record of arrests and convictions was made part of the record on appeal, the sentencing judge declared during the sentencing that he was looking at a record compiled from the time defendant was 17 until her present age of 27, and that,
*1059 . there are three pages of arrests and convictions, the majority of which are the same crime you were accused of and found guilty of last week, shoplifting.”
The trial judge noted that one of her previous convictions was for a felony, making her ineligible for a suspended sentence. The judge knew and took into account that the defendant was only 27 years old, that she wanted to reform, and that she had a 10 year old child. The sentencing judge also took into consideration that the defendant’s crime threatened no physical harm to anyone. In determining whether defendant was in need of correctional treatment, and in evaluating the seriousness of her offense, the judge adverted often to her criminal record, observing that she had shoplifted at least 10 times over the previous 10 years, and that in fact she was serving a misdemeanor shoplifting sentence at the time she was tried and being sentenced for the present felony offense.
It could hardly be denied that a person who has been convicted for shoplifting 10 times in 10 years is an egregious shoplifter. In our opinion the maximum sentence was justified based on defendant’s criminal record. It was not excessive.
Appellant makes the additional, and novel, argument that her maximum sentence became excessive when the trial judge exercised his choice of making her serve it in the parish jail, rather than at hard labor with the Department of Corrections. Citing La.R.S. 15:571.4, 15:571.9, 15:571.14, and 15:574.4, she urges that in terms of actual time to be served, two years will be longer in the parish jail than in the Department of Corrections, because of the differences in good time and when she might become eligible for parole consideration. We reject this argument for three reasons. First, appellant’s predictions as to the actual times she will stay incarcerated in either place are totally speculative. Second, any disparity in good time potential or parole eligibility is balanced by the benefits of serving time without hard labor in a parish jail in proximity to one’s home and relatives. And third, the penalty section of La.R.S. 14:67 gives the sentencing judge the discretion to decide whether the offender shall serve the sentence with or without hard labor. It was not an abuse of that discretion in the present case for the trial court to order the defendant’s sentence to be served without hard labor in the parish jail.
For these reasons, the sentence is affirmed.
AFFIRMED.