DOUCET, Judge.
On February 11, 1987, the defendant, Roger Dale Laird, pleaded guilty to one count of molestation of a juvenile, a violation of La.R.S. 14:81.2. On May 13,1987, a sentencing hearing was held. These proceedings were interrupted and the sentencing hearing reconvened on June 12, 1987, at which time defendant was sentenced to serve eight years, five years of which were suspended. Defendant now appeals contending that the trial court failed to comply with the sentencing guidelines in art. 894.1, and contending that his sentence is excessive.
FACTS:
Defendant was charged by bill of information with molestation of a juvenile, a violation of La.R.S. 14:81.2 (A, C). Defendant was a teacher, an athletic coach, at Vidalia High School. Defendant, during working hours at school, made sexual advances on John Johnese, a fourteen year old student.
Defendant was charged with five additional counts of molestation. These charges were dismissed in exchange for a guilty plea in the Johnese matter.
ASSIGNMENT OF ERROR NUMBERS 1 and 2:
By these assignments of error the defendant contends that the trial court erred in failing to comply with La. C.Cr.P. art. 894.1, and in sentencing him to a constitutionally excessive sentence.
Defendant argues that the trial judge failed to comply with art. 894.1 by placing undue weight on the seriousness of defendant’s crime while ignoring mitigating factors. Defendant also contends that art. 894.1 was violated because the trial judge misinterpreted art. 894.1 (A) to mean that if any one of the A(l) to A(3) considerations were applicable, a sentence of imprisonment would be mandatory. We disagree.
A trial judge is required to state those factors he considered in imposing sentence. La.C.Cr.P. art. 894.1; State v. Mason, 447 So.2d 1134 (La.App. 1st Cir.1984); State v. McElveen, 439 So.2d 601 (La.App. 1st Cir.1983). The sentencing guidelines in art. 894.1 provide the criteria within which to individualize a defendant’s sentence, and the appropriate criteria to measure whether a sentence within statutory limits in nonetheless excessive State v. Richard, 450 So.2d 57 (La.App. 3rd Cir.1984).
A trial judge is not required to list every aggravating and mitigating factor, but the record as a whole must reflect that those circumstances were adequately considered in sentencing. State v. Wheeler, 450 So.2d 695 (La.App. 4th Cir.1984). The record should reflect that the trial court has considered not only the circumstances which militate for incarceration, but also mitigating factors. State v. Davis, 449 So.2d 452 (La.1984); State v. Fruge, 470 So.2d 431 (La.App. 3rd Cir.1985).
The trial court in the instant case was very thorough in its compliance with art. 894.1. The trial judge painstakingly considered the guidelines in 894.1 (A) (1-3), and concluded that there was a good chance that defendant would commit future crimes if placed on probation. The trial court judge also concluded that a lesser sentence would deprecate the serious nature of defendant’s offense.
The trial judge considered many mitigating factors including defendant’s first offender status, letters sent on defendant’s behalf, the impact of sentence on defendant’s family and friends, the fact that defendant sought treatment for his problem, the fact that defendant’s offense was not committed in a heinous manner, and that defendant was not the most egregious kind of offender.
The trial court also considered the relevant aggravating factors. Defendant had a history of “incidents” involving molestation of young boys, and defendant benefit-ted from a plea agreement wherein five other charges of molestation were dropped. As a result, the trial court determined that the defendant had a propensity to commit this kind of crime. The trial judge also considered as aggravating the serious nature of this crime, the harm to defendant’s victims, and defendant’s abuse of his position of trust as a teacher and a coach.
The trial court was very complete in considering and articulating reasons for sentence under art. 894.1.
*186 The trial judge may have been mistaken regarding the effect of any of the 894.1(A) sub-sections being applicable, and precluding a probated sentence. In State v. Sepulvado, 367 So.2d 762 (La.1979), at page 769, the court stated:
“If, as the trial court implied, imprisonment is mandated because the statute indicates imprisonment “should” be imposed if any one of the aggravating circumstances is found to exist, this is an erroneous construction of the statute. We find no intent to shackle the sentencing discretion of the trial judge in this regard, especially since the very next sub-section of the statute provides that certain mitigating factors “shall be accorded weight in its [the trial court’s] determination of suspension of sentence or probation.” La.C.Cr.P. art. 894.1.
However, in our case there were several factors which supported imprisonment and our trial judge considered all these in sentencing defendant Laird. Thus, this assignment of error is without merit.
Defendant next urges that the sentence imposed by the trial judge violated his state constitutional right against excessive punishment. We disagree.
Art. 1, § 20 of the Louisiana Constitution of 1974 states in pertinent part that “no law shall subject any person ... to cruel, excessive, or unusual punishment....” A sentence is excessive if it is grossly out of proportion to the severity of the crime, or if it is nothing more than a needless infliction of pain and suffering. State v. Ratcliff, 416 So.2d 528 (La.1982).
In the case at bar defendant received an eight year sentence, five years of which were suspended. Under La.R.S. 14:81.2 (C) defendant could have been sentenced up to fifteen years in jail and fined up to $10,000. Defendant’s sentence is well within the statutorily authorized sentencing range. However, even a sentence within statutory limits may violate a defendant’s right against excessive punishment. Sepulvado, supra.
Defendant benefitted from a plea bargain agreement where five other molestation charges were dismissed. A trial court can consider the fact that defendant bene-fitted from a plea agreement in arriving at a sentence. State v. Lanclos, 419 So.2d 475 (La.1982). Additionally, defendant was involved with other “incidents” involving young boys, including a misdemeanor conviction for simple battery on an 11 year old. A trial court may consider criminal activity not leading to a conviction in passing sentence. State v. Brown, 410 So.2d 1043 (La.1982).
Relevant mitigating factors in the case at bar include: defendant’s family status, employment history, educational background, first offender status, and the fact that he realizes he has a problem and has sought treatment.
We find that even though there are several mitigating factors in the case at bar, the aggravating factors provide ample support for the trial judge’s sentencing choice. Sentences are not to be set aside as excessive absent a manifest abuse of discretion by the trial court. Because we do not find manifest abuse of discretion, we will not disturb the conviction and sentence on appeal.
Accordingly, for the foregoing reasons, the conviction and sentence of defendant is affirmed. All costs are to be borne by defendant.
AFFIRMED.