DOUCET, Judge.
The defendant, Roger Laird, was charged by bill of information with molestation of a juvenile, a violation of La.R.S. *2 14:81.2. On February 11, 1987, the defendant pleaded guilty to one count of molestation of a juvenile. Although defendant was charged with five additional counts of molestation, these charges were dropped in exchange for a guilty plea. The defendant was sentenced to eight years at hard labor, five years of which were suspended and the defendant was placed on supervised probation with special conditions. This sentence was affirmed by this court in State v. Laird, 525 So.2d 184 (La.App. 3rd Cir.1988), but later remanded by the Louisiana Supreme Court in State v. Laird, 530 So.2d 76 (La.1988). On October 12, 1988, the trial judge re-sentenced the defendant to eight years at hard labor, five years of which were suspended, and the defendant was placed on supervised probation with special conditions. The defendant is appealing his sentence based on three assignments of error; two of which are argued. FACTS:
The defendant’s present situation is a result of an incident which occurred in December of 1986. At that time, the defendant was a teacher/coach at Vidalia High School in Vidalia, Louisiana. One day, the defendant told another coach that John Johnese, a fourteen-year-old student needed to come to his classroom to take a make-up examination. When the defendant was alone with Johnese in his classroom, the defendant made sexual advances toward him.
In State v. Laird, 530 So.2d 76 (La.1988), the Supreme Court held that the trial judge’s reasons indicated that he may have thought he was bound to impose a sentence of actual imprisonment. The Supreme Court held that this was legal error and remanded the case to the trial court for resentencing.
At the resentencing hearing, the trial judge stated that the thrust of his reasons for the original sentence imposed was that any lesser sentence would have deprecated the seriousness of the defendant’s offense. Additionally, the trial court explained that in the original sentencing, he was not under the impression that he was required by law to impose a sentence of actual imprisonment and that under the facts of this case, actual imprisonment was deserving. The trial judge made additional comments and reiterated everything he had said in the original sentencing and then reimposed his original sentence on the defendant.
In defendant’s first assignment of error, he urges that the trial court erred in sentencing him to a constitutionally excessive sentence. We disagree.
Art. L, § 20 of the Louisiana Constitution of 1974 states in pertinent part that “no law shall subject any person ... to cruel, excessive, or unusual punishment. ...” A sentence is excessive if it is grossly out of proportion to the severity of the crime, or if it is nothing more than a needless infliction of pain and suffering. State v. Ratcliff, 416 So.2d 528 (La.1982).
In the case at bar defendant received an eight year sentence, five years of which were suspended. Under La. R.S. 14:81.2(C) defendant could have been sentenced up to fifteen years in jail and fined up to $10,000.00. Defendant’s sentence is well within the statutorily authorized sentencing range. However, even a sentence within statutory limits may violate a defendant’s right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La. 1979).
Defendant benefitted from a plea bargain agreement where five other molestation charges were dismissed. A trial court can consider the fact that defendant benefitted from a plea agreement in arriving at a sentence. State v. Lanelos, 419 So.2d 475 (La.1982). Additionally, defendant was involved with other “incidents” involving young boys, including a misdemeanor conviction for simple battery on an eleven-year-old. A trial court may consider criminal activity no.t leading to a conviction in passing sentence. State v. Brown, 410 So.2d 1043 (La.1982).
Relevant mitigating factors in the case at bar include: defendant’s family status, employment history, educational background, first offender status, and the fact that he realizes he has a problem and has sought treatment.
We find that even though there are several mitigating factors in the case at bar, *3 the aggravating factors provide ample support for the trial judge’s sentencing choice. Sentences are not to be set aside as excessive absent a manifest abuse of discretion by the trial court. We do not find manifest abuse of discretion in the sentence imposed by the trial court. Thus, we reject this assignment of error.
In defendant’s second assignment of error, he urges that the trial judge erred in failing to comply with La.C.Cr.P. art. 894.1. We disagree.
A trial judge is required to state those factors he considered in imposing sentence. La.C.Cr.P. art. 894.1; State v. Mason, 447 So.2d 1134 (La.App. 1st Cir. 1984); State v. McElveen, 439 So.2d 601 (La.App. 1st Cir.1983). The sentencing guidelines in art. 894.1 provide the criteria within which to individualize a defendant’s sentence, and the appropriate criteria to measure whether a sentence within statutory limits is nonetheless excessive. State v. Richard, 450 So.2d 57 (La.App. 3rd Cir. 1984).
A trial judge is not required to list every aggravating and mitigating factor, but the record as a whole must reflect that those circumstances were adequately considered in sentencing. State v. Wheeler, 450 So.2d 695 (La.App. 4th Cir.1984). The record should reflect that the trial court has considered not only the circumstances which militate for incarceration, but also mitigating factors. State v. Davis, 449 So.2d 452 (La.1984); State v. Fruge, 470 So.2d 431 (La.App. 3rd Cir.1985).
The record reflects that the trial judge adequately complied with La.C.Cr.P. art. 894.1. The transcript of the original sentencing hearing indicates that the trial judge concluded that there was a good chance that defendant would commit future crimes if placed on probation. The trial court also concluded that a lesser sentence would deprecate the serious nature of defendant’s offense.
Additionally, the trial judge considered many mitigating factors including defendant’s first offender status, the impact of sentence on defendant’s family and friends, letters sent on defendant’s behalf, the fact that defendant’s offense was not committed in a heinous manner, the fact that defendant sought treatment for his problem, and that defendant was not the most egregious kind of offender. Additionally, at the resentencing hearing, the judge stated that he considered the additional materials submitted by defendant.
The trial court also considered the relevant aggravating factors including the fact that defendant had a history of incidents involving molestation of young boys, that defendant benefitted from a plea bargain agreement wherein five other charges of molestation were dropped and that defendant had a propensity to commit this sort of crime. The trial judge also considered as aggravating, the serious nature of the crime committed, the harm to the victims and the defendant’s abuse of his position of trust as a teacher and a coach.
Based on the foregoing, we find that the trial court adequately complied with La.C. Cr.P. art. 894.1. Thus, we reject this assignment of error.
Defendant’s third assignment of error has been neither argued nor briefed. Thus, it is considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982); State v. Jimmerson, 432 So.2d 1093 (La.App. 3rd Cir.1983).
Accordingly, for the reasons assigned, the conviction and sentence imposed by the trial court is affirmed.
AFFIRMED.