452 So.2d 785 (1984)
STATE of Louisiana
v.
Gregory NATA and Wade Manger.
No. KA 0781.
Court of Appeal of Louisiana, Fourth Circuit.
June 12, 1984.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Beryl M. McSmith, Asst. Dist. Atty., New Orleans, for the State.
Dwight Doskey, New Orleans, for defendant.
Before REDMANN, C.J., and AUGUSTINE and WILLIAMS, JJ.
REDMANN, Chief Judge.
Appealing from his conviction for simple burglary, defendant Manger complains of the trial court's failure to grant a mistrial. Defendant's motion for mistrial was based on the state's failure to have disclosed in pre-trial discovery a statement that defendant made to a security guard when apprehended inside the coin-operated laundry *786 room of an apartment complex. The guard testified concerning the substance of that statement at trial. Its substance (that defendant claimed to be a cigarette machine company employee checking the cigarette machine) conflicted with the defense evidence that defendant had gone to the laundry room to buy cigarettes from the machine.
The defendant's oral statement's "existence, but not the contents" (and "when, where and to whom ... made") should have been disclosed on plaintiff's motion, La.C.Cr.P. 716 B. The state erred in failing to disclose its existence and the statutorily required details. The state did report that a "res gestae" statement had been made by co-defendant Nata. That suggests that the state was in good faith. The state's good faith, however, would not justify denying an appropriate remedy under C.Cr.P. 729.5 A, in any case in which the state's noncompliance (even in good faith) resulted in basic unfairness to the defendant; State v. Davis, 399 So.2d 1168 (La.1981).
We are unable, on the facts of this case, to envision any significant unfairness to defendant from not being told of the existence of his statement to the guard when apprehended. Defendant argues that he had to recall other state witnesses "in an effort to impeach the security guard's story [objectionable because their] recall would in great part bolster the state's case by allowing the state to ask leading questions...." We do not see how the knowledge of the existence of the statement would have changed defendant's need to counter it (and the statute is clear the defendant was not entitled to "the contents" of the statement). If defendant already knew of its existence, he cannot have been hurt (save by relying on the expectation it would not be put in evidence, treated hereafter); if defendant did not remember having made the statement or any of its contents (e.g., because drunk when he made it), defendant would gain nothing from being informed of its "existence, but not [its] contents." Thus, in either case, defendant would not ordinarily be harmed by the state's failure to disclose the statement's existence.
The most we can suppose is that defendant, if he had forgotten that he made a statement at the time of his apprehension resulting in his arrest, might have "relied" on the state's reporting it had no statement by himself and therefore concluded that he could invent any story he pleased without fear of contradicting any earlier statement. But that is not the purpose of any exclusionary rule, for even illegally-obtained evidence is admissible for impeachment purposes; Walder v. United States, 347 U.S. 62, 74 S.Ct. 354, 98 L.Ed. 503 (1954); Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971); Oregon v. Hass, 420 U.S. 714, 95 S.Ct. 1215, 43 L.Ed.2d 570 (1975); United States v. Havens, 446 U.S. 620, 100 S.Ct. 1912, 64 L.Ed.2d 559 (1980). Havens, 100 S.Ct. at 1916, noting the purpose of arriving at the truth and the obligation of witnesses to testify truthfully, declared that Harris "rejected the notion that the defendant's constitutional shield against having illegally seized evidence used against him could be `perverted into a license to use perjury by way of a defense, free from the risk of confrontation with prior inconsistent utterances.'"
We conclude that the state's error (probably in good faith, from confusing the two defendants) in failing to disclose the existence of defendant's statement, and the use of that statement at trial, did not deprive defendant of a fair trial.
Affirmed.