457 So.2d 128 (1984)
STATE of Louisiana, Appellee,
v.
Charles E. OWENS, Appellant.
No. 16417-KA.
Court of Appeal of Louisiana, Second Circuit.
September 26, 1984.
Rehearing Denied October 26, 1984.
Jones & Jones by Benjamin Jones, Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Johnny Parkerson, Dist. Atty., Geary S. Aycock, Asst. Dist. Atty., Monroe, for appellee.
Before HALL, MARVIN and NORRIS, JJ.
MARVIN, Judge.
In this sentence appeal, defendant Owens complains that the trial court abused its discretion by requiring that he serve six months in jail as a condition of probation on a suspended sentence of three years at hard labor for distribution of marijuana. LRS 40:966. He contends that the trial court "violated" the sentencing guidelines because a "probationary sentence" should have been imposed. CCrP Art. 894.1. We find no error and affirm.
This 30-year-old defendant is married and is the sole proprietor of a restaurant business, a college graduate, and a first felony offender. He was once employed as a guard by the State Department of Corrections. On three occasions during a four week period defendant sold a bag of marijuana for $25 to a "friend," who was working as an undercover narcotics officer. The sales were made at or near defendant's restaurant and on one occasion the marijuana was obtained from defendant's personal automobile. Defendant was charged with three counts of distribution which exposed him to a 10 year sentence on each count.
Defendant agreed to plead to one count and to forfeit his automobile. The State agreed to dismiss the other two counts. A PSI report is contained in the record of the sentencing hearing.
At the sentencing hearing, the trial court mentioned all of the facts which we have recited but did not expressly relate or check off these facts to the particular factors listed in CCrP Art. 894.1. We find this articulation sufficient. The record also shows sufficient consideration of the CCrP Art. 894.1 factors. State v. Smith, 433 So.2d 688 (La.1983); State v. Hammonds, 434 So.2d 452 (La.App.2d Cir.1983), writ denied. The sentence is particularized and may be characterized as "lenient," notwithstanding the trial judge's comment that *129 neither he nor the law was lenient in drug cases. Six months in jail as a condition of probation on a suspended three year hard labor sentence for distribution of marijuana is not constitutionally excessive. LSA-Const., Art. 1, § 20.
AFFIRMED.