474 So.2d 523 (1985)
STATE of Louisiana, Appellee,
v.
Carol Diane COX, Appellant.
No. CR84-729.
Court of Appeal of Louisiana, Third Circuit.
August 12, 1985.
*525 G. Paul Marx, Lafayette, for appellant.
Michael Harson, Asst. Dist. Atty., Lafayette, for appellee.
Before GUIDRY, FORET and KING, JJ.
FORET, Judge.
Defendant, Carol Diane Cox, was indicted by a grand jury for second degree murder, a violation of LSA-R.S. 14:30.1. Pursuant to a plea bargain, the State amended the charge to manslaughter, and defendant pleaded guilty. The trial court allowed defendant to withdraw her guilty plea when it discovered that she had been unaware that LSA-C.Cr.P. Art. 893.1 subjected her to a mandatory five-year sentence without benefit of parole, probation, or suspension of sentence. Although the State did not reamend the indictment to second degree murder, defendant was tried on that charge. On May 11, 1984, a twelve-person jury found defendant guilty of manslaughter. The trial court sentenced defendant to serve fifteen years at hard labor. In accordance with C.Cr.P. Art. 893.1, the trial court specified that the first five years of *526 the sentence were without benefit of parole, probation, or suspension of sentence. Under the provisions of LSA-R.S. 14:95.2, the trial court sentenced defendant to an additional two years at hard labor without benefit of parole, probation, or suspension of sentence, this term to run consecutively with the fifteen-year sentence.

FACTS
Defendant, Carol Diane Cox, and the victim, Tony Sfier, had been romatically involved for two years. In May of 1982, defendant broke up with Tony Sfier. On October 10, 1982, defendant shot and killed him in the bedroom of her home. Between May and the date of the shooting, defendant called the police at least ten times because of incidents involving the victim. These incidents included the victim's hitting defendant, his breaking into her house and attacking her friends, threatening to kill himself at defendant's house, and ramming defendant's car with his car. The victim also made threats regarding defendant's five-year-old daughter. Despite these incidents, there was evidence that on several occasions after she broke off the relationship with the victim, defendant sought out the victim's companionship.
Slightly less than a month before the shooting, defendant bought a handgun. The night before the shooting, the victim apparently rammed defendant's empty car. On the day of the shooting, the victim and defendant had an argument in Girard Park. Following this argument, defendant returned home and called the police. She informed the police that since they were unable to do anything about her problem with the victim, she would handle it herself.
Less than an hour later, the victim walked into defendant's bedroom, apparently having entered defendant's home through an unlocked door. Defendant retrieved her gun from the drawer where she kept it and told the victim to leave. The victim did not go, and when defendant pointed the gun at him, he told her, according to defendant's own testimony, "Go ahead and shoot me, I don't care anymore." At this point, defendant shot the victim.
Defendant called the police, and when they arrived, she told them that at the time of the shooting the victim had not acted in a threatening manner. She told the police that she had shot the victim because she had had enough, that "she was fed up."

ASSIGNMENT OF ERROR NUMBER 1
Defendant was originally indicted for second degree murder. In accordance with a plea bargain, the prosecution amended the indictment to reduce the charge to manslaughter. After defendant withdrew her guilty plea, the State failed to re-amend the indictment to second degree murder. As a result, defendant contends that she was tried under an invalid indictment.
The State's failure to re-amend the indictment is an error patent and, as such, may be asserted at any time. State v. Buttner, 411 So.2d 35 (La.1982). However, errors patent are not necessarily reversible errors. It is the potential impact of the error on the fairness of the proceedings which determines whether a reversal is required. State v. Minix, 438 So.2d 1261 (La.App. 3 Cir.1983); State v. White, 404 So.2d 1202 (La.1981).
The technical sufficiency of an indictment may not be raised after conviction where the accused has been fairly informed of the charge against him and has not been prejudiced by surprise or lack of notice and will not be truly subject to any jeopardy of further prosecution. State v. James, 305 So.2d 514 (La.1974); State v. Robicheaux, 412 So.2d 1313 (La.1982). In the present case, the reduction of the original charge to manslaughter was premised on a plea bargain arrangement. There is no claim that defendant and her attorney were not fully aware that when defendant chose to withdraw her guilty plea, the prosecution's offer to reduce the charge was likewise withdrawn. The indictment for second degree murder and defendant's plea were read in open court. No objection was made on defendant's behalf at that time. No surprise *527 or lack of notice was shown or even claimed.
Furthermore, any error in failing to reamend the indictment to charge defendant with second degree murder was clearly harmless error. The State had amended the indictment to charge defendant with manslaughter. Since defendant was convicted of manslaughter, the fact that the indictment was never formally re-amended resulted in no harm to defendant.

ASSIGNMENT OF ERROR NUMBER 2
By this assignment, defendant urges that the trial court should not have allowed defendant to withdraw her guilty plea. She contends that LSA-C.Cr.P. Art. 893.1 was not applicable since the court had not made a specific finding that defendant used a firearm to commit a crime. Therefore, the court should have proceeded and sentenced defendant under her guilty plea without applying C.Cr.P. Art. 893.1.
Although C.Cr.P. Art. 893.1 requires the court to make a finding that a firearm was used in the commission of a felony, the court need not hold a special hearing to make such a finding. The trial court may take judicial notice of any prior proceeding which was a part of the same case. State v. Barberousse, 458 So.2d 569 (La.App. 3 Cir.1984); State v. Moore, 442 So.2d 726 (La.App. 1 Cir.1983). In the present case, defendant stated during her boykinization proceeding that she had shot the victim. The court was entitled to take notice of this admission by defendant and find that a firearm was used in the commission of the felony to which defendant was pleading guilty. Having made such a finding, the court was bound to apply the enhancement provisions of Art. 893.1. Learning that defendant was not aware of the applicability of Art. 893.1 when she plead guilty, the court correctly gave defendant the opportunity to withdraw her plea.

ASSIGNMENTS OF ERROR NO 3 & 4
The gravamen of defendant's complaint in these assignments is that LSA-R.S. 14:95.2 does not merely enhance the penalty, but imposes another penalty in addition to whatever other penalty has been imposed. Defendant contends that the imposition of such a sentence is a violation of her Fifth Amendment guarantee against double jeopardy which, among other things, protects against multiple punishments for the same offense.
The United States Supreme Court had held that a state legislature may authorize imposition of cumulative punishments under two statutes even if those two statutes proscribe the same conduct. The double jeopardy clause only prevents a sentencing court from prescribing greater punishment than the legislature intended. Missouri v. Hunter, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983). If a state legislature has specifically provided for the imposition of cumulative sentences under two statutes, the trial court or jury may constitutionally impose those sentences in a single trial, and it makes no difference that the two statutes proscribe the same crime. In light of Missouri v. Hunter, supra, we conclude that LSA-R.S. 14:95.2 is not violative of the constitutional protection against double jeopardy. There can be no doubt that the legislature intended that LSA-R.S. 14:95.2 apply in a case like the present one where a gun is used in the commission of the crime of manslaughter.
Defendant has also objected to the trial court's application of both firearm enhancement statutes in imposing sentence. Once again, the question of the propriety of the sentencing judge's actions is a question of legislative intent. There is no violation of defendant's constitutional right against double jeopardy if the sentence imposed is that which the legislature intended.
It is quite apparent that the legislature intended to allow the application of both C.Cr.P. Art. 893.1 and R.S. 14:95.2 in imposing sentence for the same crime. As the First Circuit has pointed out, the two statutes have different purposes. Art. 893.1 assures a minimum penalty when a firearm is used in the commission of any felony, whereas R.S. 14:95.2 imposes an *528 additional penalty when a firearm or explosive device is used in the commission of certain enumerated crimes. R.S. 14:95.2 evinces the legislature's particular concern with regard to these enumerated crimes. State v. Harleaux, 461 So.2d 670 (La.App. 1 Cir.1984). We are convinced, as are our learned brethren of the First Circuit, that the legislature intended that the sentencing provisions of both R.S. 14:95.2 and C.Cr.P. Art. 893.1 should be applied in imposing sentence when a firearm has been used in the commission of one of the felonies enumerated in R.S. 14:95.2. Manslaughter is one of these enumerated felonies. In the present case, the trial court's imposition of sentence was in accordance with the legislative intent and is not violative of the constitutional prohibition against double jeopardy.

ASSIGNMENTS OF ERROR NO. 5 & 6
In these assignments of error, defendant complains that the trial judge failed to follow the sentencing guidelines of C.Cr.P. Art. 894.1 and that her sentence is excessive. LSA-C.Cr.P. Art. 894.1 sets forth criteria for a sentencing judge to use in choosing between the sentencing alternatives. Since, in this case, a prison term was mandated by the law, the criteria set forth in Art. 894.1 could only be used by the judge to determine whether the sentence should be closer to the maximum rather than the minimum. See State v. Martin, 400 So.2d 1063, on rehearing, 400 So.2d 1074 (La.1981).
In sentencing defendant, the trial court made the following remarks:
"Now, the Court because of the circumstances feels that a lesser penalty would deprecate the seriousness of the crime. The Court feels that this type crime is one that requires institutionalization. I too have read the pre-sentence investigation report, which of course is confidential; but there are some disclosures that convince me of what I am saying."
These remarks by the trial court are inadequate to fulfill the requirements of Art. 894.1. Although Art. 894.1 does not require the trial judge to articulate every aggravating and mitigating circumstance, the record must reflect that he adequately considered the article's guidelines in particularizing the sentence to the individual defendant. State v. Morgan, 428 So.2d 1215 (La.App. 3 Cir.1983), writ denied, 433 So.2d 166 (La.1983). The record must also show that the trial judge considered the mitigating circumstances as well as those militating imprisonment. State v. Davis, 449 So.2d 452 (La.1984); State v. Duncan, 420 So.2d 1105 (La.1982). The record before us is inadequate in this regard.
The failure of the trial court to comply with the sentencing guidelines of Art. 894.1, however, does not require that the sentences be set aside "if the record otherwise clearly illumines the trial court's sentencing choice and demonstrates that the sentence is not arbitrary or excessive". State v. Jett, 419 So.2d 844, 852 (La.1982), citing with approval State v. Martin, supra.
In the present case, the record does not clearly illumine the trial court's sentence, which was roughly three-fourths of the maximum. In fact, the record before us suggests that the sentence was excessive. Although the seriousness of defendant's crime is self-evident, several factors mitigate in her favor. For a number of months prior to the shooting, the victim harassed and threatened defendant. There was testimony that the victim had hit defendant on many occasions, had broken into defendant's home, and had rammed her car with his car. At the time of the killing, the victim had entered defendant's house uninvited and, when asked to leave, refused. We think the defendant acted under strong provocation and that there were substantial grounds tending to justify her conduct. The record also shows that she had no prior history of delinquency or criminal conduct.
Having found that the record before us does not support the trial court's sentence, *529 we will vacate that sentence and remand this case for resentencing. C.Cr.P. Art. 893.1 and R.S. 14:95.2 require that defendant serve seven years without benefit of probation, parole, or suspension of sentence. Given the evidence before us, including the pre-sentencing report, we feel that this minimum sentence of seven years would be adequate punishment for defendant's crime.

DECREE
For the foregoing reasons, defendant's conviction is affirmed, defendant's sentence is vacated, and this case is remanded to the trial court for resentencing in accordance with the views expressed above.
SENTENCE VACATED AND REMANDED.