STOKER, Judge.
Defendant Timothy C. LeClear, Jr. pleaded guilty to charges of theft of less than $100 in violation of LSA-R.S. 14:67 and attempted burglary of an inhabited dwelling in violation of LSA-R.S. 14:62.2 and LSA-R.S. 14:27. A charge of simple burglary was dismissed when the plea was accepted. He was sentenced to six months in the parish jail with credit for time served on the theft charge, and to two years at hard labor with the Louisiana Department of Corrections on the attempted burglary charge. The sentences are to run consecutively.
Defendant now contends the sentence on the charge of attempted burglary is unconstitutionally excessive. The permissible sentence for simple burglary of an inhabited dwelling is imprisonment at hard labor for not less than one year, without benefit of parole, probation or suspension of sentence, nor more than twelve years. LSA-R.S. 14:62.2. The penalty for an attempted crime is a fine or imprisonment in the same manner as for the offense attempted; such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both. LSA-R.S. 14:27. Therefore, the sentence for attempted burglary of an inhabited dwelling is imprisonment at hard labor for not less than six months, without benefit of parole, probation or suspension of sentence, nor more than six years.
The sentence imposed is clearly within statutory limits. However, the imposition of a sentence within the statutory limits may violate a defendant’s constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979).
The defendant contends that the record does not indicate that the trial judge considered the criteria of LSA-C.Cr.P. art. 894.1 in sentencing the defendant. We disagree.
The trial judge stated that probation would not be proper in this case because it would deprecate the seriousness of the crime and because the defendant needed some further confinement. He noted that the defendant had been involved in three incidents involving homes, although he had no prior criminal record. He also noted the mitigating factors that the defendant was only twenty-one, that there was no real damage to any of the victims, and that the *556 pellet gun stolen was returned. He also was aware that the defendant had a wife and young child.
The trial judge stressed that the defendant needed to change his attitude. He was particularly impressed with the presen-tence report, which indicated that the defendant was a troublemaker and started fights while he was in jail. The defendant denied starting fights, but did admit that he has been an antagonizer and that he has a “smart mouth.”
The trial judge adequately complied with LSA-C.Cr.P. art. 894.1. The sentence imposed is not excessive.
We note that the defendant’s brief states, “The sentence on the attempted burglary is without benefit of suspension, probation or parole.” As noted above, LSA-R.S. 14:62.2 states that whoever commits the crime of simple burglary of an inhabited dwelling shall be imprisoned at hard labor for not less than one year, without benefit of parole, probation or suspension of sentence. However, the trial judge sentenced the defendant to two years at hard labor, without mention of any restrictions on probation, parole,' or suspension of sentence. Actually, the Supreme Court has construed the LSA-R.S. 14:62.2 ineligibility provision to attach only to the statute’s minimum one-year term. State v. Conley, 411 So.2d 448 (La.1982). In case of an attempted burglary of an inhabited dwelling, the ineligibility provision should attach to only half the period required by LSA-R.S. 14:62.2, or six months. Since the trial judge did not state that the defendant is ineligible for parole, probation, or suspension of sentence for six months, the sentence imposed is illegally lenient. This is an error patent on the face of the record.
However, the Supreme Court in State v. Jackson, 452 So.2d 682 (La.1984), held that when a defendant alone appeals and the record contains a patent error favorable to the defendant, the appellate court should ignore the error, unless the prosecution, having properly raised the issue in the trial court, has sought appellate review. Therefore, if a trial judge imposes a sentence without mentioning denial of parole, probation or suspension of sentence as required by statute, it is inappropriate for an appellate court to correct the sentence when the defendant alone seeks appellate review.
Since the rendition of the Jackson case on June 25, 1984, LSA-C.Cr.P. art. 882 was amended and now reads in pertinent part:
“A. An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review.
B. A sentence may be reviewed as to its legality on the application of the defendant or of the state:
(1) In an appealable case by appeal; or
(2) In an unappealable case by writs of certiorari and prohibition.”
This Court now has the authority to correct the illegal sentence on the application of the defendant or of the State. Here there has been no such application. Since an application is necessary, we will not correct the illegality of the sentence. State v. Robertson, 459 So.2d 581 (La.App. 5th Cir.1984).
The judgment of the trial court is affirmed.
AFFIRMED.