LABORDE, Judge.
Defendant Thomas Y. Green was charged with a violation of LSA-R.S. 14:30.1, second degree murder. On November 17, 1983, ten of twelve jurors found Green guilty of manslaughter. LSA-R.S. 14:31. Green was sentenced pursuant to LSA-R.S. 14:31, LSA-R.S. 14:95.2, and La. C.Cr.P. art. 893.1 to serve seven years of imprisonment at hard labor without benefit of parole, probation or suspension of sentence. Green now appeals his conviction and sentence. We affirm.
On October 29, 1982, Green drove one Joshua Smith to the “Foodland Grocery” in Lake Charles. As Green parked the car, Eldon (alias “Babe”) Roberts, age twenty-five, approached and threatened to thrash Green. Green answered that, as a result of his medical condition,[1] he would not be able to defend himself. Smith exited the car and entered the store as Roberts continued to threaten Green. Green then drove away, but returned ten minutes later.
There was conflicting evidence as to what occurred next. In his original statement to the police, Green stated that he left the store in order to retrieve his gun from his home and then returned to the scene. At the trial, however, he denied making the statement. Before the grand jury and at trial, Green testified that he always carried a gun underneath the armrest of his car, and that he did not go home to retrieve the gun. Smith testified that he saw a shiny object underneath the armrest. The defendant’s wife testified that, after their home was burglarized, her husband always carried a gun.
When Green returned to the store, Roberts approached the car and threatened to kill Green. Green shot Babe five times as Babe lunged toward the car. Green went immediately to a police station and reported the incident. Babe died from the gunshot wounds later the same evening.
ASSIGNMENT OF ERROR NUMBER ONE '
Defendant first argues that the verdict was contrary to the law and the evidence. The facts established at trial, he urges, do not prove each element of the manslaughter statute. The pertinent section of LSA-R.S. 14:31, defining manslaughter, is reproduced below:
“Manslaughter is:
(1) A homicide which would be murder under either Article 30 (first degree murder) or Article 30.1 (second degree murder), but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self con *238 trol and cool reflection. Provocation shall not reduce a homicide to manslaughter if the jury finds that the offender’s blood had actually cooled, or that an average person’s blood would have cooled, at the time the offense was committed[.]”
Defendant erroneously asserts on appeal that a jury could not convict him of manslaughter absent their conclusion, supported by evidence, that he was provoked. Our Supreme Court has made it clear that “provocation,” like “heat of blood” and “sudden passion,” is not an element of the manslaughter statute. It is a mitigating circumstance which may reduce the grade of homicide. State v. Tompkins, 403 So.2d 644 (La.1981), aff'd 429 So.2d 1385 (La.1982).
As part of the same assignment of error, defendant argues that the state failed to show that the defendant did not act in self-defense. We are referred to no rule of law placing such a burden on the prosecutor, nor are we aware of any.
This assignment of error lacks merit.
ASSIGNMENT OF ERROR NUMBER TWO
In his second assignment of error, defendant alleges that the trial court erred in denying his motion for a new trial. There are two tiers to this allegation. The first is that the motion should have been granted because the verdict, it is claimed, was contrary to the law and the evidence. This argument was addressed and rejected in our consideration of the first assignment of error.
It is also alleged that an error in the jury instruction warranted the granting of a new trial. We reject the allegation for the following reasons.
If the penalty to be imposed in a case is, as here, mandatory, the trial judge must inform the jury of the penalty on the request of the defendant, and the defense must be permitted to argue the penalty to the jury. State v. Jackson, 450 So.2d 621 (La.1984); State v. Hooks, 421 So.2d 880 (La.1982). The defense attorney in this case did request an instruction relative to the minimum penalty. The judge complied with the request, and told the jurors that the minimum sentence was five years. After the guilty verdict was rendered, we decided the case of State v. Cox, 474 So.2d 523, (La.App. 3rd Cir.1985). In Cox, a criminal defendant was convicted, by a jury, of manslaughter. On appeal, the defendant objected to the imposition of a seven year sentence. We held in Cox that the Louisiana legislature intended that the sentencing provisions of LSA-R.S. 14:95.2[2] and La.C.Cr.P. art. 893.1 [3] both be applied *239 when sentencing a defendant convicted of a felony enumerated (such as manslaughter) in LSA-R.S. 14:95.2. We explained in Cox that the two provisions serve different purposes. The procedural article limits the sentencing discretion of the judge. It assures a minimum penalty when a firearm is used in the commission of any felony. The statute, on the other hand, imposes an additional penalty when a firearm or explosive device is used in the commission of certain enumerated crimes.
The trial judge in the instant case anticipated the Cox result, for he sentenced defendant Green to seven years imprisonment pursuant to these two provisions. Our holding in Cox was foreshadowed by our decision in State v. Victorian, 448 So.2d 1804 (La.App. 3rd Cir.), writs denied, 452 So.2d 167 (La.1984). In Victorian, we ruled on rehearing that La.C.Cr.P. art. 893.1 was intended to apply to the penalty for the violation of LSA-R.S. 14:94, illegal use of weapons or dangerous instrumental-ities. “Stacking” the two provisions, Victorian holds, does not result in double enhancement. Nor did double enhancement result in either Cox or the instant case. Neither the Cox case nor the Victorian rehearing had been decided when the jury in the instant case was instructed. But Victorian had been decided when defendant Green was sentenced, and the judge applied its rule by analogy to a manslaughter committed with a firearm: five years imprisonment is mandated by article 893.1, and two years is mandated by R.S. 14:95.2.
The seven year sentence imposed on defendant Green is perfectly consistent with the Cox rule. The problem resides in the fact that the jury which decided the issue of Green’s guilt or innocence did so under the misapprehension that the minimum sentence Green faced under a responsive verdict of manslaughter was five, and not seven, years of imprisonment. It therefore appears that the trial judge inadvertently erred when instructing the jury as to Green’s minimum sentencing exposure under a manslaughter conviction. We have considered the issue of whether the instruction, which, in light of Cox, we know to have been erroneous, warrants reversal of Green’s conviction, and we hold that it does not. We are confident that Green suffered no prejudice because of the error, but to the extent that he may have been prejudiced, it was not prejudice significant enough to require a new trial.
In State v. Adams, 446 So.2d 355 (La. App. 3rd Cir.), writs denied, 449 So.2d 1355 (La.1984), a jury had deliberated the issue of guilt or innocence without having been instructed as to the mandatory minimum sentence involved. We stated:
“Additionally, as sentencing is of no concern to the jury it is difficult to see how failing to inform the jury constitutes reversible error. The jury’s duty was to determine guilt or innocence. The amount of time which defendant might or might not serve seems irrelevant to the determination of guilty or innocence. The jury was made aware that the defendant could be sentenced to a maximum term of 21 years in prison. It is not clear that defendant suffered any prejudice because the judge did not tell the jury that under the firearms enhancement statute the defendant would have to serve a mandatory five year sentence if convicted of the crime charged. It would appear that the instructions given to the jury regarding possible imprisonment at hard labor for up to 21 years sufficiently impressed the jurors with the seriousness of the sentence that defendant could receive if found guilty.”
Adams, 446 So.2d at 367. Adams is, of course, distinguishable from the case before us. Green’s attorney requested the instruction, and Adams’ attorney did not. Furthermore, only La.C.Cr.P. 893.1, mandating a five (as opposed to seven) year minimum penalty for manslaughter, was applied at the sentencing hearing. But the *240 distinction does not deter us. We view the unintentional error of the trial judge as a harmless one. Indeed, his instruction was consistent with Adams, where a conviction of manslaughter by use of a firearm resulted in a five year sentence.
As in Adams, the jury was informed as to the maximum (twenty-one year) sentence for manslaughter. It is therefore clear to us that the jurors were aware of the seriousness of the offense. That Green pumped five slugs into his victim does little to persuade us that the jury, had it known of the two year enhancement statute, would have rendered a not guilty verdict in this case. The defense of justifiable homicide, which was raised by Green, could not have been rendered more plausible to the jury by their being told of a two year enhancement rule which attaches when a firearm is used in the perpetration of manslaughter.
ASSIGNMENT OF ERROR NUMBER THREE
In his last assignment of error, the defendant argues that the sentence imposed violates the United States and Louisiana Constitutions. We deduce from a review of defendant’s arguments that he considers the sentence to be unconstitutionally excessive (though he does not say so explicitly), for he lists for our consideration a whole host of mitigating circumstances surrounding this unhappy incident.
We repeat that Green was convicted of manslaughter, and sentenced pursuant to LSA-R.S. 14:31, LSA-R.S. 14:95.2 and La. C.Cr.P. art. 893.1 to serve seven years imprisonment at hard labor without benefit of probation, parole or suspension of sentence.
In sentencing the defendant, the trial judge noted that he had no discretion as to the sentence imposed. He further stated:
“The Court does not believe that defendant is in need of correctional treatment, or a custodial environment, that could be provided most effectively by his commitment to an institution. The Court will further note that as a matter of law, the defendant in this particular situation ... is not eligible for a suspended sentence or probation, and must be placed in correctional treatment.... The Court is further taking into consideration the fact that the victim of the defendant’s criminal conduct actually induced and facilitated his own death by his own actions. The Court has further taken into consideration the fact that this defendant has no history of prior delinquency, or criminal activity, but that he has led a law-abiding life for a substantial period of time[.] The Court will state, for the record, that it is impressed with the defendant’s character and attitude[.]
... The Court will further state that it is aware of the fact that the imprisonment of the defendant will entail an excessive hardship to himself and his dependents, his wife and his three children. The Court will note for the record that the defendant is presently disabled, [and] is in poor health. [T]he Court is very disappointed that it does not have the ability ... to tailor the sentence, or to impose a sentence, commensurate with the circumstances, which the Court believes would be appropriate.”
The judge’s efforts to impose the least burdensome sentence possible are unmistakable — we will not reverse the sentence, for we do not interpret the sentence-controlling provisions any differently than did the judge.
We are mindful of the jurisprudence which establishes that a sentence within the statutory limit may, in certain instances, violate a defendant’s constitutional right against excessive punishment, State v. Sepulvado, 367 So.2d 762 (La.1979); but we find no abuse of the sentencing discretion vested in the trial judge. Many of our criminal statutes allow equally severe if not more severe sentences for less heinous crimes, such as aggravated battery (R.S. 14:34; ten years maximum imprisonment), manufacture and possession of a bomb (R.S. 14:54.3; twenty years maximum imprisonment), simple criminal damage to property (R.S. 14:57; ten years maximum *241 imprisonment), simple burglary (R.S. 14:62; twelve years maximum imprisonment); and simple robbery (R.S. 14:65; seven years maximum imprisonment).
DECREE
For the foregoing reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs in the result.

. In September of 1982 the defendant underwent extensive surgery on his stomach.

. La.R.S. 14:95.2
A. Notwithstanding any other provisions of law to the contrary, any person who uses a firearm or explosive device at the time he commits or attempts to commit the crime of second degree murder, manslaughter, aggravated battery, simple kidnapping, aggravated escape, aggravated burglary, aggravated arson, attempted aggravated rape, attempted first degree murder, or attempted aggravated kidnapping shall upon conviction serve a term of two years imprisonment for the first conviction and upon conviction for each second and subsequent offense listed in this Section, he shall serve a term of five years imprisonment.
B. The penalty provided herein shall be in addition to any other penalty imposed under the provisions of this Title and such person shall serve the additional term of imprisonment in the same manner as provided in the offense for which he was convicted and without benefit of parole, probation, suspension of sentence or credit for good time and any adjudication of guilt or imposition of sentence shall not be suspended.
C.The prison terms provided under the provisions of this Section shall run consecutively to any other penalty imposed upon conviction of any of the crimes listed in this Section.

. La.C.Cr.P. Article 893.1
When the court makes a finding that a firearm was used in the commission of a felony and when suspension of sentence is not otherwise prohibited, the court shall impose a sentence which is not less than:
(1) The maximum sentence provided by law, in the same manner as provided in the offense, if the maximum sentence is less than five years, or
(2) Five years, in the same manner as provided in the offense, if the maximum sentence is five years or more.
*239 Imposition or execution of sentence shall not be suspended and the offender shall not be eligible for probation or parole.