483 So.2d 957 (1986)
STATE of Louisiana
v.
Thomas Y. GREEN.
No. 85-K-2272.
Supreme Court of Louisiana.
March 7, 1986.
*958 PER CURIAM.
Defendant contended on appeal that the state failed to show that he did not act in self-defense. The court of appeal, in rejecting this contention, stated: "We are referred to no rule of law placing such a burden on the prosecutor nor are we aware of any." This statement of the law is incorrect. It is well settled that when a defendant claims self-defense, the state has the burden of establishing beyond a reasonable doubt that he did not act in self-defense. State v. Aldo Garcia, 483 So.2d 953 (La.1986); State v. Martin, 458 So.2d 454 (La.1984); State v. Lynch, 436 So.2d 567 (La.1983); State v. Patterson, 295 So.2d 792 (La.1974); State v. Ardoin, 128 La. 14, 54 So. 407 (1911). Accordingly, we must vacate the judgment of the court of appeal and remand for reconsideration.
It should be noted that the two-year portion of defendant's sentence imposed pursuant to La.R.S. 14:95.2 is impermissible, for defendant was not charged in the bill of information with violation of La.R.S. 14:95.2 or with use of a firearm in committing the charged offense. See State v. Jackson, 480 So.2d 263 (La.1985). Therefore, the case will have to be remanded to the district court for resentencing in the event the court of appeal affirms the conviction after remand.
LEMMON, J., concurs for the reasons stated in State v. Garcia, 483 So.2d 953 (La.1986).