BYRNES, Judge.
Defendant Roger Miller, was indicted for first degree murder, a violation of R.S. 14:30. He was convicted of second degree murder, a violation of R.S. 14:30.1 and sentenced to life imprisonment without benefit of parole probation or suspension of sentence. This appeal followed.
On February 10, 1984 defendant and his cousin, Wade Jackson, burglarized the home of Lucille Beauvais. When Ms. Be-auvais returned home during the course of the crime, she was tied up with an electric cord and severely beaten. She died as a result of this treatment.
When the burglary was completed, the defendant and Jackson left the house, taking various items of clothing and jewelery as well as Ms. Beauvais’ car. They proceeded to the home of Nathaniel Hodges and Sherry Garry, where they allegedly made several inculpatory statements.
*487 Defendant’s sole assignment of error concerns the State’s failure to reveal the existence of these statements in response to his request for discovery, under C.Cr.P. Art. 716 (B) and 768. Article 716 (B) provides that:
Upon motion of the defendant, the court shall order the district attorney to inform the defendant of the existence, but not the contents, of any oral confession or statement of any nature, made by the defendant, which the district attorney intends to offer in evidence at the trial, with the information as to when, where and to whom such oral confession or statement was made.
Article 768 provides that:
Unless the defendant has been granted pretrial discovery, if the state intends to introduce a confession or inculpatory statement in evidence, it shall so advise the defendant in writing prior to beginning the state’s opening statement. If it fails to do so a confession or inculpatory statement shall not be admissible in evidence.
In this case, defendant complains that he was not informed of the existence of statements made by him to Mr. Hodges and Ms. Garry, although the State’s response to his request for discovery had been “State will comply.” When these individuals took the stand and began to relate the substance of the statements, defense counsel objected on the ground that the notice requirement of C.Cr.P. Art. 768 had not been met. Objection was also made to the State’s failure to comply with the discovery provisions of Art. 716(B).
The record reveals that a motion to suppress, aimed at excluding a confession by the defendant from evidence, was conducted prior to trial. At that hearing, a video tape of the confession was played. During the course of that confession, defendant recounted the particulars of the burglary but was careful to minimize his role in the murder, indicating that Wade Jackson was responsible. He also mentioned going to the home of a couple whose name he did not know and further stated that Wade Jackson related some details of the crime to them. Defense counsel was present at this hearing and viewed the video tape. The State argues that the defense received actual notice of the existence of the statements by viewing the defendant’s video taped confession. We cannot agree.
A careful examination of the transcript of the confession reveals that although the defendant describes going “to this dudes house”, where Wade Jackson spoke to “this lady” about the burglary, he never mentions that he made any statements to the couple. He also stated that he did not know the couple’s name and could not say exactly where they lived. Under these circumstances, we cannot say that the defense received any notice, actual or otherwise, concerning the statements made by the defendant to Nathaniael Hodges or Sherry Garry.
However, the State’s failure to comply with discovery procedures does not automatically warrent reversal. State v. Ray, 423 So.2d 1116 (La.1982). If the defendant is not prejudiced by the omission, or if the other evidence against him is overwhelming, admission of statements which should have been revealed in pre-trial discovery is harmless error. State v. Jackson, 450 So.2d 621 (La.1984), State v. Nata, 452 So.2d 785 (La.App. 4th Cir.1984).
In this case, the evidence against the defendant was so overwhelming that admission of the statements was in our opinion, harmless beyond any doubt. Defendant’s video-taped confession, which was admitted into evidence and played to the jury without objection, is unquestionably sufficient to convict him of second degree murder.
R.S. 14:30.1 defines second degree murder as:
the killing of a human being:
1) When the offender has a specific intent to kill or to inflict great bodily harm; or
2) When the offender is engaged in the perpetration or attempted perpetration of aggravated rape, aggravated arson, ag *488 gravated burglary, aggravated kidnapping, aggravated escape, armed robbery, or simple robbery, even though he has no intent to kill or to inflict great bodily harm.'
R.S. 14:60 defines aggravated burglary as: The unauthorized entering of any inhabited dwelling, or of any structure, water craft, or movable where a person is present, with the intent to commit a felony or any theft therein, if the offender,
1) Is armed with a dangerous weapon; or
2) After entering arms himself with dangerous weapon; or
3) Commits a battery upon any person while in such place, or in entering or leaving such place.
Here, although the defendant positively denied personally striking Ms. Beauvious, he freely admitted in his confession that he participated in a burglary of her home, during which a battery was committed upon her person.
Accepting as true defendant’s assertion that his cousin was responsible for Ms. Beauvois’ death, he still could have been convicted as a principal of second degree murder on the basis of his confession. R.S. 14:24 See State v. Cotton, 341 So.2d 362 (La.1976). Under these circumstances, we cannot see how the admission of the statements of Hodges or Garry prejudiced the defendant or otherwise denied him a fair trial.
Nor are we persuaded by defendant’s argument that he was prejudiced in his ability to seek out or negotiate a plea bargain. To begin with there is no evidence in the record other than the assertion of counsel that a plea bargain was ever contemplated by the State. Moreover, even were we to accept defense counsel’s assertion as correct, we cannot see how knowledge of the existence of the disputed statements would have caused the defendant to accept the alleged plea bargain. As previously discussed, even excluding the disputed statements, the evidence against the defendant was more than sufficient to obtain a second degree murder conviction.
Both defendant and his counsel were aware of the contents of his confession. If a defendant rejected a plea bargain of manslaughter with a 21 year sentence, knowing that his confession would be sufficient to expose him to life imprisonment for second degree murder, we cannot see how knowledge of the existence of statements by Garry and Hodges would have changed his decision.
For the foregoing reasons, we affirm defendant’s conviction and sentence.
AFFIRMED.