LABORDE, Judge.
Defendant Thomas Y. Green was charged with a violation of LSA-R.S. 14:30.1, second degree murder. On November 17,1983, ten of twelve jurors found Green guilty of manslaughter. LSA-R.S. 14:31. Green was sentenced pursuant to LSA-R.S. 14:31, LSA-R.S. 14:95.2, and La. C.Cr.P. art. 893.1 to serve seven years of imprisonment at hard labor without benefit of parole, probation or suspension of sentence. This court in State v. Green, 478 So.2d 236 (La.App.3d Cir.1985) affirmed the trial court’s decision. The defendant then sought review by the Louisiana Supreme Court which granted a writ, vacated the judgment by this court, and remanded the case for further proceedings pursuant to a “per curiam” opinion.
The “per curiam” provides, in part, as follows:
“Defendant contended on appeal that the state failed to show that he did not act in self-defense. The court of appeal, in rejecting this contention, stated: ‘We are referred to no rule of law placing such a burden on the prosecutor nor are we aware of any.’ This statement of the law is incorrect. It is well settled that when a defendant claims self-defense, the state has the burden of establishing beyond a reasonable doubt that he did not act in self-defense. State v. Aldo Garcia, 483 So.2d 953 (La., Feb. 24, 1986); State v. Martin, 458 So.2d 454 (La.1984); State v. Lynch, 436 So.2d 567 (La.1983); State v. Patterson, 295 So.2d 792 (La.1974); State v. Ardoin, 128 La. 14, 54 So. 407 (1911). Accordingly, we must vacate the judgment of the court of appeal and remand for reconsideration.”
State v. Green, 483 So.2d 957 (La.1986). The reconsideration of the issue of self-defense necessitates a review of the facts, which were described in this court’s decision as follows:
“On October 29,1982, Green drove one Joshua Smith to the ‘Foodland Grocery’ in Lake Charles. As Green parked the car, Eldon (alias ‘Babe’) Roberts, age twenty-five, approached and threatened to thrash Green. Green answered that, as a result of his medical condition, he would not be able to defend himself. Smith exited the car and entered the store as Roberts continued to threaten *503 Green. Green then drove away, but returned ten minutes later.
There was conflicting evidence as to what occurred next. In his original statement to the police, Green stated that he left the store in order to retrieve his gun from his home and then returned to the scene. At the trial, however, he denied making the statement. Before the grand jury and at trial, Green testified that he always carried a gun underneath the armrest of his car, and that he did not go home to retrieve the gun. Smith testified that he saw a shiny object underneath the armrest. The defendant’s wife testified that, after their home was burglarized, her husband always carried a gun.
When Green returned to the store [to pick up Smith], Roberts approached the car and threatened to kill Green. Green shot Babe five times as Babe lunged toward the car. Green went immediately to a police station and reported the incident. Babe died from the gunshot wounds later the same evening.”
Green, 478 So.2d at 237 (footnote omitted). The state has the burden of establishing beyond a reasonable doubt that the defendant did not act in self-defense. State v. Martin, 458 So.2d 454 (La.1984); State v. Lynch, 436 So.2d 567 (La.1983); State v. Patterson, 295 So.2d 792 (La.1974). Our review of the record reveals that the prosecution did present ample proof that Green did not act in self-defense: 1) it was shown that the victim did not have a weapon at the time of the incident; 2) it was shown that Green shot the unarmed victim five times; and 3) there was evidence tending to show that Green had left the scene, after a verbal confrontation with the victim, and had gone home to retrieve a gun. Any rational trier of fact could have concluded beyond a reasonable doubt that the defendant did not act in self-defense. This assignment of error is, therefore, without merit. The conviction is affirmed.
As the Supreme Court indicated in its per curiam reversal, the case must now be remanded to the district court for resentenc-ing. The per curiam provides as follows:
“It should be noted that the two-year portion of defendant’s sentence imposed pursuant to La.R.S. 14:95.2 is impermissible, for defendant was not charged in the bill of information with violation of La. R.S. 14:95.2 or with use of a firearm in committing the charged offense. See State v. Jackson, 480 So.2d 263 (La.1985). Therefore, the case will have to be remanded to the district court for resentencing in the event the court of appeal affirms the conviction after remand.”
State v. Green, 483 So.2d 957 (La.1986).
For the above and foregoing reasons, the defendant’s conviction is affirmed. The sentence is vacated and the case is remanded to the district court for resentencing in light of our Supreme Court’s per curiam opinion.
CONVICTION AFFIRMED AND CASE REMANDED FOR RESENTENCING.