LABORDE, Judge.
Defendant, Murphy J. Lee, was indicted by a grand jury for second degree murder. Defendant was tried by a jury and found guilty of manslaughter, a violation of LSA-R.S. 14:31. Defendant was sentenced to serve fifteen (15) years at hard labor, the first five of which are to be without the benefit of parole, probation or suspension of sentence. He now appeals his conviction, and sentence, raising three (3) assignments of error.
FACTS
Defendant was charged with the second degree murder of Thelma Moore Ceasar. Defendant and Ms. Ceasar had been involved in an argument in a bar. The proprietor of the bar broke up the argument and defendant left. Later, defendant returned, entered the bar, stalked, and shot Ms. Ceasar. At trial, the jury returned a verdict finding defendant guilty of the crime of manslaughter.
ASSIGNMENT OF ERROR NO. 1
Defendant alleges that the trial judge erred in admitting certain color photographs of the victim. The defense specifically raises two challenges: (1) that these photographs were more prejudicial than probative; and (2) that these color pictures should have been provided to defendant during discovery. Defendant preserved his right to.raise these issues on appeal by making a contemporaneous objection at trial.
The state sought to admit color photos of the victim during the testimony of Lake Charles Police Corporal Robert Rhodes. These pictures depicted the corpse of the victim, showing her wounds. The trial judge ruled that the probative value of these pictures outweighed their prejudicial effect.
It is well settled that the admission of ghastly photographs will not be overturned unless it is clear that the prejudicial effect of the photographs outweighs their probative value. State v. Germain, 433 So.2d 110 (La.1983). It is equally well established that post mortem photographs of murder victims are admissible to prove corpus delicti, to corroborate other evidence, to establish the cause of death, and to provide positive identification of the victim. State v. Tonubbee, 420 So.2d 126 (La.1982), cert. den., 460 U.S. 1081, 103 S.Ct. 1768, 76 L.Ed.2d 342 (1983).
In this case the challenged photographs were probative to establish corpus delicti, to corroborate other evidence of the manner in which death occurred, and to provide a positive identification of the victim. The fact that these pictures were taken in a hospital environment weighs against their being extremely prejudicial. See State v. Lindsey, 404 So.2d 466 (La.1981), appeal after remand, 428 So.2d 420 (La.1983), cert. den., 464 U.S. 908, 104 S.Ct. 261, 78 L.Ed.2d 246 (1983). The fact that these are color photos, and that black and white photos depicting the same subject were available, is just one factor showing that these photos were more realistic than absolutely necessary. Upon reviewing the photographs, we cannot say that the trial court was clearly wrong in finding the exhibits more probative than prejudicial.
In its motion for discovery, the defense specifically requested a copy of photographs in the possession and control of the district attorney and intended for use at trial. The district attorney provided the defense a copy of the challenged exhibits, but these “copies” were in black and white. Defendant argues that the prosecution did not meet its disclosure obligation; therefore, under La.C.Cr.P. art. 729.5, this evidence should not have been admitted.
The first question we must address is whether supplying the defense with black and white photographs, and then introducing into evidence the same photographs, in color, is a failure to disclose sanctionable under La.C.Cr.P. art. 729.5.
*1381 The purpose of the discovery rules in La.C.Cr.P. art. 716-729.6 is to identify and inform the opposing parties of the contested issues. We fail to see how providing black and white pictures instead of color pictures does not comply with the discovery objections. We feel the prosecution complied with its discovery obligations.
Even if the state had failed to comply with its duty to disclose, under art. 729.5, no reversal would be mandated. Article 729.5 provides a wide range of sanctions for the failure of a party to comply with court-ordered discovery. The imposition of sanctions is within the discretion of the court and therefore a showing of prejudice by virtue of the court’s ruling is necessary before the reversal of a conviction is in order. State v. Norwood, 396 So.2d 1307 (La.1981); State v. Freeman, 447 So.2d 1145 (La.App. 3 Cir.), writ denied, 449 So.2d 1356 (La.1984).
Defendant knew in advance that these pictures would be offered. The disclosure of these color pictures before trial would not have aided defendant in preparing for trial. The defendant has failed to show that he was prejudiced. See State v. Felo, 454 So.2d 1150 (La.App. 4th Cir.1984), writ denied, 488 So.2d 686 (La.1986); State v. Nata, 452 So.2d 785 (La.App. 4 Cir.1984). This assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 2
Defendant contends that the trial judge erred in sentencing him to a constitutionally excessive sentence. The defendant was sentenced to serve fifteen (15) years, the first five of which were to be served without the benefit of parole, probation or suspension of sentence.
The trial judge generally has wide discretion in determining the sentence a defendant is to receive. The trial judge’s determination will not be reversed absent a manifest abuse of discretion. State v. Square, 433 So.2d 104 (La.1983). Even when a sentence is within the statutory limits it may still violate La. Const. 1974 Art. 1 sec. 20. State v. Sepulvado, 367 So.2d 762 (La.1979). A sentence is excessive if it is grossly out of proportion to the severity of the offense and is nothing more than a needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980).
The sentencing guidelines enumerated in La.C.Cr.P. art. 894.1 provide the criteria within which to individualize a defendant’s sentence, and the appropriate criteria to measure whether a sentence within statutory limits is nevertheless excessive. State v. Richard, 450 So.2d 57 (La.App. 3d Cir.1984). The trial judge adequately complied with the sentencing guidelines of art. 894.1. (See Assignment of Error No. 3, infra.)
In this case, the trial court found that the defendant, Lee, murdered his victim without justification or provocation. Lee used a firearm in committing a violent crime which contemplated and caused ultimate bodily harm. Lee told the judge that he had no prior convictions, but Lee had been previously arrested and charged with violent crimes. The FBI Report reveals that the defendant had been charged with aggravated battery. Criminal conduct not leading to a conviction can be considered in sentencing defendant. State v. Palmer, 448 So.2d 765 (La.App. 2d Cir.), writ denied, 452 So.2d 695 (La.1984).
Given the circumstances of our case, the jurisprudence, and the fact that the sentence the defendant received is well within the statutory range of permissible sentences, we cannot say that the trial judge abused his wide discretion. This sentence does not shock our sense of justice, and is not a needless infliction of pain and suffering. State v. Guerra, 467 So.2d 154 (La.App. 3d Cir.1985); State v. Jackson, 452 So.2d 1225 (La.App. 2d Cir.1984); State v. Heath, 447 So.2d 570 (La.App. 1st Cir.), writ denied, 448 So.2d 1302 (La.1984). This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 3
Defendant argues that the trial court erred in failing to adequately state for the *1382 record the factual basis and the consideration taken into account for imposing a fifteen (15) year sentence.
A trial judge is required to state those factors he considered in imposing sentence. State v. Mason, 447 So.2d 1134 (La.App. 1st Cir.1984). La.C.Cr.P. Art. 894.1 sets forth the guidelines or factors to be considered in imposing sentence.
In State v. Cox, 474 So.2d 523 (La.App. 3d Cir.1985), writ granted in part; otherwise denied, 481 So.2d 1328 (La.1986), the appellate court found that the trial judge did not adequately comply with art. 894.1. In vacating the sentence in Cox, the reviewing court noted that while art. 894.1 does not require the trial judge to articulate every aggravating or mitigating factor, the record must reflect that he adequately considered the guidelines in particularizing the sentence to this individual defendant. See State v. Morgan, 428 So.2d 1215 (La.App. 3d Cir.), writ denied, 433 So.2d 166 (La.1983). The record must show that the trial court considered mitigating circumstances as well. State v. Davis, 449 So.2d 452 (La.1984).
In this case the trial judge adequately stated for the record the considerations taken into account in arriving at the sentence. See State v. Perry, 457 So.2d 1261 (La.App. 1st Cir.1984). The trial judge considered relevant mitigating factors. The trial judge was aware that the defendant had no prior convictions and that he had been drinking. The trial judge also stated aggravating factors for the record. He considered that defendant’s conduct caused death; was committed without provocation or justification; and involved the use of a firearm. The trial judge also considered that defendant had no dependents and incarceration would work no undue hardship on anyone. The trial judge concluded that there was no guarantee that this defendant would not commit this crime again, and that any lesser sentence would deprecate the seriousness of this offense.
The trial court adequately considered the art. 894.1 factors and stated the factual basis for its sentence in the record. This assignment of error lacks merit.
For the above and foregoing reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs.