FORET, Judge.
The defendant, Melvin L. Walker, pleaded guilty to attempted simple burglary in violation of La.R.S. 14:27 and 14:62 and was sentenced to serve four years at hard labor. Defendant now appeals that sentence raising but one assignment of error.
In his sole assignment of error, defendant contends that the trial court erred in not following the guidelines enumerated in La.C.Cr.P. art. 894.1, and in sentencing him to an unconstitutionally excessive sentence.
The record reflects that the trial judge considered mitigating factors. For example, he considered defendant’s offer to make ¡restitution and to do community service work. He considered that the house which was the subject of the attempted burglary belonged to defendant’s grandmother, and that defendant may have a substance abuse problem. At transcript page 35, the trial judge stated:
“I don’t really find any ... real excuse for that, but I’m going to give you some leeway. I’m not going to give you the six years. I’ll give you some leeway on that, but I can’t give you that much. Unless you’ve got something else now you want to add.”
A trial judge is required to state those factors he considered in imposing sentence. State v. Mason, 447 So.2d 1134 (La.App. 1 Cir.1984); State v. McElveen, 439 So.2d 601 (La.App. 1 Cir.1983). La.C.Cr.P. art. 894.1 sets forth the guidelines to be considered when imposing a sentence, and the appropriate criteria to measure whether a sentence, although within the statutory limits, is nonetheless excessive. State v. Richard, 450 So.2d 57 (La.App. 3 Cir.1984).
In State v. Owens, 457 So.2d 128 (La.App. 2 Cir.1984), the trial court did not expressly relate, or check off, defendant’s circumstances to particular factors listed in 894.1. However, the mention of defendant’s circumstances was considered a sufficient articulation. In State v. Perry, 457 So.2d 1261 (La.App. 1 Cir.1984), the trial court sufficiently articulated reasons for the imposition of sentence because the record reflected that the trial court placed great weight on defendant’s prior convictions and the seriousness of the crime for which he was convicted. A prior record and the seriousness of the crime committed outweighed any mitigating factors.
In State v. Cox, 474 So.2d 523 (La.App. 3 Cir.1985), writ denied, 481 So.2d 1328 (La.1986), the trial judge did not adequately comply with Art. 894.1. He stated:
“Now, the Court because of the circumstances feels that a lesser penalty would deprecate the seriousness of the crime. The Court feels that this type crime is one that requires institutionalization. I too have read the pre-sentence investigation report, which of course is confidential; but there are some disclo *1136 sures that convince me of what I am saying.”
The appellate court vacated the sentence in Cox and noted that while Art. 894.1 does not require the trial judge to articulate every aggravating or mitigating factor, the record must reflect that he adequately considered the guidelines in particularizing the sentence to the individual defendant. See also State v. Morgan, 428 So.2d 1215 (La.App. 3 Cir.1983), writ denied, 433 So.2d 166 (La.1988).
Defendant Walker received a four-year sentence after pleading guilty to attempted simple burglary pursuant to a plea bargain arrangement. Attempted simple burglary carries a maximum sentence of six years in prison and a $1,000 fine. Although within the statutory limits, a sentence may still violate the Louisiana Constitution of 1974, Art. 1, § 20. State v. Sepulvado, 367 So.2d 762 (La.1979). A sentence is excessive if it is grossly out of proportion to the severity of the offense and nothing more than a needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Winzer, 465 So.2d 817 (La.App. 2 Cir.1985).
Defendant was originally charged with simple burglary of an inhabited dwelling, a violation of La.R.S. 14:62.2, which provides for a sentence of not less than one year and up to twelve years at hard labor. Defendant had an extensive criminal record, including convictions for simple burglary, simple arson, carrying concealed weapons and possession of marijuana. Further, defendant was allowed to plea bargain down to an attempted simple burglary charge. The sentence defendant received, four years, was in the middle range of possible sentences.
In State v. LeClear, 474 So.2d 554 (La.App. 3 Cir.1985), a 21-year-old defendant who had not harmed any of the victims, and returned the stolen goods, received a two-year sentence for attempted burglary. This Court found that the trial court complied with Art. 894.1 and that the sentence was not excessive. Furthermore, a trial judge can consider that the defendant received the benefit of a plea bargain in arriving at a sentence. State v. Wallace, 454 So.2d 1255 (La.App. 2 Cir.1984); State v. Coats, 449 So.2d 688 (La.App. 5 Cir. 1984); State v. Wilson, 441 So.2d 357 (La.App. 5 Cir.1983). A trial judge has wide discretion in determining the sentence a defendant is to receive. His determination will not be reversed absent a manifest abuse of discretion. State v. Square, 433 So.2d 104 (La.1983); State v. Brooks, 431 So.2d 865 (La.App. 2 Cir.1983).
It is clear in light of the above discussion that defendant’s four-year sentence is not so disproportionate to the crime committed as to be a needless infliction of pain and suffering. The record reflects that the judge more than adequately considered the factors in 894.1. Therefore, defendant’s assignment of error lacks merit and his sentence is affirmed.
AFFIRMED.