LABORDE, Judge.
On April 14,1986, defendant, Jewel Coul-on, pleaded guilty to the crime of indecent behavior with a juvenile, a violation of LSA-R.S. 14:81. On June 20,1986, defendant was sentenced to serve five (5) years at hard labor. We affirm.
FACTS
Defendant was originally charged with four counts of aggravated rape. These offenses involved the underage daughter of defendant’s ex-wife. The deeds occurred between July 21, 1984 and April 10, 1985. Defendant agreed to plead guilty to one count of indecent behavior and the bill of information was amended accordingly. '
The prosecution had recommended a probationary sentence with the special condition that defendant serve six (6) months in jail. The judge imposed a five (5) year sentence at hard labor — the maximum sentence for the charge. It is this sentence which the defendant now appeals.
ASSIGNMENT OF ERROR NO. 1 Defendant argues that the trial judge erred in failing to adequately articulate his reasons for sentence and in sentencing defendant to an excessive sentence. Defendant contends that his age, his first offender status, and the recommendation of the prosecution support his claim that his five year sentence is excessive.
A trial judge is required to state for the record both considerations he has taken into account and the factual basis for imposition of sentence. La.C.Cr.P.art. 894.1. State v. Duncan, 420 So.2d 1105 (La.1982). Defendant argues that the trial judge failed to adequately comply with La.C.Cr.P. art. 894.1. The judge simply stated:
“The court sentences the defendant to five years at hard labor. Under the guidelines statute, the court finds that No. 1 is applicable, No. 3 is applicable, that’s in Section A; under B, No. 1 is not applicable, 2 is not applicable, 3 is not applicable, 4 is not applicable, 5 is not applicable, 6 will not be applicable, 7 is applicable, 8, I don’t know about that, 9 is probably not applicable, 10, probably not applicable, 11 is not applicable. The basis, the facts and considerations are the general content of the presentence report and the fact that the man was originally charged with four counts of *144 aggravated rape of an underaged [sic] child.”
In State v. Humphrey, 412 So.2d 507 (La.1981), the trial judge stated, “In sentencing you, the Court has considered the guidelines set forth in Article 894.1 of the Louisiana Code of Criminal Procedure, ... it is felt that you need custodial care at this time; and to give you a lesser sentence would deprecate the seriousness of the crime in this instance.” Id. at 519. The Louisiana Supreme Court held that the recitation of one or more factors set forth in the statute, without a statement of the particular considerations made and the factual bases for imposing sentence, does not satisfy Article 894.1.
In State v. Cox, 474 So.2d 523, 528 (La.App.3d Cir.1985), writ granted in part for other reasons, otherwise denied, 481 So.2d 1328 (La.1986), we found that the trial judge did not adequately comply with Art. 894.1. The trial judge stated:
“Now, the Court because of the circumstances feels that a lesser penalty would deprecate the seriousness of the crime. The Court feels that this type of crime is one that requires institutionalization. I too have read the pre-sentence investigation report, which of course is confidential; but there are some disclosures which convince me of what I am saying.”
In vacating the sentence in Cox, we noted that while Art. 894.1 does not require the trial judge to articulate every aggravating or mitigating factor, the record must reflect that he adequately considered the guidelines in the article. Id.
The trial court in the instant case made a minimal attempt to relate the guidelines in Article 894.1 to the defendant. Failure to comply with Art. 894.1 does not automatically render a sentence invalid. State v. Wimberly, 414 So.2d 666 (La.1982). In Wimberly, 414 So.2d at 672, the Supreme Court explained:
“In those cases in which we have vacated the sentence and remanded the case for resentencing in full, recorded compliance with Article 894.1, our action was not prompted simply by the sentencing judge’s failure to give his reasons for the penalty imposed. Rather, it was because, based on the inadequate record presented to us, there appeared to be a substantial possibility that the defendant's complaints of an excessive sentence had merit. In each case, pursuant to our duty to uphold the constitution, which expressly prohibits the imposition by law of excessive punishment, we vacated the sentence and remanded the case for re-sentencing on an adequate record, including strict compliance with Article 894.1.”
As long as the record clearly reflects an adequate basis for the sentence imposed, as in the case sub judice, remand is unnecessary. State v. Landos, 419 So.2d 475, 477 (La.1982).
Article 1, Section 20 of the Louisiana Constitution of 1974 states in pertinent part that “no law shall subject any person ... to cruel, excessive, or unusual punishment ...” A sentence is excessive if it is grossly out of proportion to the severity of the crime or if it is nothing more than the purposeless and needless imposition of pain and suffering. State v. Ratcliff, 416 So.2d 528, 534 (La.1982). In State v. Sepulvado, 367 So.2d 762 (La.1979), the court expressly stated that the imposition of a sentence, although within the statutory limit, may violate a defendant’s constitutional right against excessive punishment.
The defendant in this case received the maximum sentence. Maximum sentences are ordinarily reserved for the most serious offenses and the worst offenders. The defendant in the instant case was originally charged with four counts of aggravated rape, but was allowed to plead guilty to one count of. indecent behavior with a juvenile. Defendant points out that there is no proof that he would have been convicted had the aggravated rape charges been pursued. It is noted that the grand jury felt there was enough proof to return a true bill for four counts of rape. A trial court can consider that the defendant benefited from a plea bargain in arriving at a sentence. State v. Tedder, 471 So.2d 1176, 1177 (La.App.3d Cir.1985).
*145 Defendant contends that a probated sentence would be more appropriate for him since he is fifty-three years old and a first offender. Further, defendant suggests that the district attorney’s recommendation should be given great weight: that defendant receive a suspended sentence with the special condition of probation that defendant serve six months in the parish jail.[1]
At the sentencing hearing, defendant’s ex-wife (and mother of the victim) testified to the effect that the defendant was a continuing threat to the community.[2] She exclaimed: “I’m afraid other children out there, ... he [defendant] raised her [the victim] from two (2) weeks old and if he can do that to his own child I don’t — you know.” The testimony of defendant’s ex-wife supports the trial court’s conclusion that defendant could be a threat to society and should be incarcerated.
The seriousness of the crime to which defendant pleaded guilty, the fact that the defendant benefited from a plea bargain agreement, and the possible threat to the community that would be caused should defendant receive a lesser sentence, support the trial judge’s sentence herein. Defendant’s five year sentence is not a needless infliction of pain and suffering and is not excessive. Defendant’s assignment of error lacks merit.
For the foregoing reasons, the conviction and sentence of defendant, Jewel Coulon, are affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs.

. The trial judge made it clear to defendant that he was not bound by the recommendation of the prosecution.

. The victim and her mother have forsaken Louisiana and now reside in Florida,